UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDDIE GRANT, JR., *et al* | : | CIVIL NO. 3:22-CV-01223 (JBA) |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| LAMONT, *et al.,* | : | |
| *Defendants*. | : | FEBRUARY 8, 2023 |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs seek to enjoin enforcement of Conn. Gen. Stat. §§ 53-202a-c—Connecticut's assault weapons ban—which has been in place for over a decade. But Plaintiffs have not sued the proper parties, and thus claims against all but four Defendants must be dismissed for lack of subject matter jurisdiction.

Specifically, the Eleventh Amendment bars these claims. Plaintiff purports to avoid Eleventh Amendment immunity by invoking the *Ex parte Young* doctrine, seeking injunctive and declaratory relief only. *Ex parte Young*, 209 U.S. 123 (1908). But Defendants Lamont, Griffin, Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Watson, Gedansky, Platt, and Mahoney are not proper parties for purposes of *Ex parte Young* because they lack the requisite connection to the enforcement of § 53-202a-c. For this reason, the Court lacks subject matter jurisdiction over all claims against those Defendants, and all claims against them should be dismissed.

**I.  STATEMENT OF FACTS & THE RELEVANT ALLEGATIONS**

Plaintiffs Connecticut Citizens Defense League, Inc. ("CCDL"), Second Amendment Foundation, Inc., ("SAF"), Eddie Grant Jr., Jennifer Hamilton, and Michael Steifel challenge Connecticut's assault weapons law as unconstitutional under the Second Amendment, seeking an injunction against enforcement of the statute and declaratory relief declaring the law

1

unconstitutional. *See* ECF # 1. Specifically, the individual Plaintiffs (Grant, Hamilton, and Steifel) allege that but for §§ 53-202a-c, they would "lawfully purchase and possess" one or more of the restricted firearms listed in § 53-202a, likely "AR 15-platform firearm[s]." *See* ECF # 1, ¶¶ 11, 18, 25. Plaintiffs Grant, Hamilton, and Stiefel allege they reside in Meriden, Enfield, and Montville, Connecticut, respectively. *See* ECF # 1, ¶¶ 6, 15, 20.

Plaintiffs bring suit against Governor Lamont, the Commissioner of the Department of Emergency Services and Public Protection, Chief State's Attorney Patrick Griffin, and all thirteen individual State's attorneys: Attorneys Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Gedansky, Platt, Narducci, Watson, Walcott, Doyle, and Mahoney. *See* ECF # 1, ¶¶ 35-50. Plaintiffs seek only injunctive and declaratory relief and sue the Defendants in their official capacities only. *Id.,* Pg. 30.

## II.     ARGUMENT

### A.     Legal Standard

Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A 12(b)(1) motion challenges the district court's authority to adjudicate a case, and, once challenged, the burden of establishing that the court in fact retains such authority lies with the party who asserts jurisdiction. *See Arndt v. UBS AG,* 342 F.Supp.2d 132, 136 (E.D.N.Y. 2004) ("On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), the burden of establishing jurisdiction, by a preponderance of the evidence, rests with the party asserting that it exists.") (citation omitted). "The Second Circuit has repeatedly observed that, in contrast to a motion to dismiss for failure to state a claim, 'when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the

pleadings inferences favorable to the party asserting it.'" *Rodriguez v. Winski*, 444 F. Supp. 3d 488, 494 (S.D.N.Y. 2020) (quoting *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). "In response to a motion to dismiss pursuant to Rule 12(b)(1), '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Beaupre v. Chubb & Son, Inc.*, No. 3:19-CV-834-JBA, 2020 U.S. Dist. LEXIS 141498, at \*6-7 (D. Conn. Aug. 7, 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d. Cir. 2000)).

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." *Juvenile Matters Trial Lawyers Ass'n v. Judicial Dep't*, 363 F. Supp. 2d 239, 243 (D. Conn. 2005) (quoting *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004)). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("In determining whether a plaintiff has met this burden, we will not draw argumentative inferences in the plaintiff's favor").

    **B.**    **The Claims against Defendants Lamont, Griffin, Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Watson, Gedansky, Platt, and Mahoney are barred by the Eleventh Amendment and Defendants are not proper parties for purposes of *Ex parte Young*.**

"The Eleventh Amendment bars suits against states and their officials unless the state consents to suit, Congress abrogates the state's immunity, or the case falls within the *Ex parte Young* exception." *NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019). The *Ex parte Young* exception "operates to end ongoing violations of federal law and vindicate the overriding federal interest in assuring the supremacy of the law . . . . A plaintiff may invoke this exception provided

that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *Id.* (citations and internal quotation marks omitted). Plaintiffs seek only "declaratory and injunctive relief challenging the constitutionality" of the challenged statutes. ECF # 1, ¶ 1. Each Defendant is sued in their official capacity only. *Id.*, ¶¶ 35-50. It is thus manifest that Plaintiffs purport to invoke the *Ex parte Young* exception. *See Ex parte Young*, 209 U.S. at 123. Governor Lamont, Chief States Attorney Griffin ("CSA"), and State's Attorneys Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Gedansky, Watson, Platt, and Mahoney however, are not proper parties to this action for purposes of *Ex parte Young*.

"*Ex parte Young* held that a suit to enjoin as unconstitutional a state official's action was not barred by the [Eleventh] Amendment. This holding was based on a determination that an unconstitutional state enactment is void and that any action by a state official that is purportedly authorized by that enactment cannot be taken in an official capacity since the state authorization for such action is a nullity." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Accordingly, to fall within the exception the defendant state official "must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157; *see also Pennington Seed, Inc. v. Produce Exch.* No. 299, 457 F.3d 1334, 1342 (Fed. Cir. 2006) ("When a violation of federal law is alleged, as here, the state official whose actions violate that law is the rightful party to the suit and prospective injunctive relief can only be had against him.").

To satisfy the "connection" requirement, the state official must have both "a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty" based on the conduct before the Court. *Conn. Ass'n of Health Care Facilities, Inc. v. Rell*, No. 10-CV-136, 2010 U.S. Dist. LEXIS 54649, 2010 WL 2232693, at *5 (D. Conn. June 3, 2010). The *Young*

"exception only applies when the named defendant state officials have some connection with the *enforcement* of the act and 'threaten and are about to commence proceedings' to enforce the unconstitutional act." *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (emphasis added). When that willingness and connection to enforce is not present, it cannot be said that the official is "involved in an ongoing violation of federal law . . . ." *Goodspeed Airport, LLC v. East Haddam Inland Wetlands & Watercourses Comm'n*, 632 F. Supp. 2d 185, 188 (D. Conn. 2009). A plaintiff's failure to name a proper defendant that meets the connection requirement is "fatal" to their claim. *HealthNow N.Y., Inc. v. New York*, 739 F. Supp. 2d 286, 295 (W.D.N.Y. 2010).

    1.    **Governor Lamont is not a proper party under *Ex parte Young*.**

Governor Lamont is not a proper party to this action under *Ex parte Young*. Plaintiffs do not allege that Governor Lamont has any connection to the enforcement of § 53-202a-c, let alone a particular duty or demonstrated willingness to enforce the same. The plain language of § 53-202a-c reveals no such connection and Connecticut law does not charge the Governor with enforcing criminal statutes.

Plaintiff alleges that the Governor is "constitutionally required to take care that the laws be faithfully executed." ECF # 1, ¶ 35. The Governor's general constitutional duty to "take care that the laws be faithfully executed," however, cannot serve to invoke *Young*. Conn. Const. art. IV., § 12. "[C]ourts in the Second Circuit have not extended the exception under *Ex parte Young* on the basis that a state official has a general duty to execute and enforce state laws." *Kuck v. Danaher*, 822 F. Supp. 2d 109, 142 (D. Conn. 2011); *Connecticut Ass'n of Health Care Facilities, Inc. v. Rell*, Civ. No. 3:10CV136(PCD), 2010 U.S. Dist. LEXIS 54649, at *5 (D. Conn. June 3, 2010); *Klinger v. Connecticut*, Docket No. 3:04-CV-1081 (MRK), 2004 U.S. Dist. LEXIS 24093, at *6-8 (D. Conn. Nov. 12, 2004). Rather, the "general authority to enforce the laws of the state is not

sufficient to name a state officer as a defendant in an action challenging a law." *HealthNow New York, Inc. v. New York*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010) (internal quotation marks omitted); *see also Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996) ("Holding that a state official's obligation to execute the laws is a sufficient connection to the enforcement of a challenged statute would extend *Young* beyond what the Supreme Court has intended and held.") (internal citations omitted).

Governor Lamont's general constitutional duty to execute state law is not sufficient to make him a proper party to this suit for purpose of *Ex parte Young*. Instead, he is named as a token "representative of the state" lacking any connection to the enforcement of § 53-202a-c. *Ex Parte Young*, 209 U.S. at 157. Because Plaintiff's Complaint is devoid of allegations satisfying the connection requirement of *Ex parte Young*, this action against Governor Lamont in his official capacity is barred by the Eleventh Amendment. It should be dismissed accordingly.

**2. CSA Griffin is also not a proper party under *Young*.**

Although the Connecticut Constitution vests the CSA with "the prosecutorial power of the state," CSA Griffin ("the CSA") is not a proper party to this action under *Ex parte Young* because Connecticut law does not impose upon him any special duty to investigate criminal matters or initiate criminal prosecutions in the first instance for violations of the criminal law, including a violation of § 53-202a-c. *See* Conn. Const. Art. XXIII. Rather, violations of § 53-202a-c are prosecuted by parties other than the CSA, namely the individual State's Attorneys, all of whom have the power, ability, and special duty to enforce the criminal law in the first instance within their assigned judicial district. Conn. Gen. Stat. § 51-286a(a).

Because § 53-202a-c does not provide that it is to be enforced by the CSA, and because Connecticut law does not elsewhere imply any "special relation" between the CSA and the

6

enforcement of § 53-202a-c, the CSA lacks the required enforcement "connection" needed to invoke *Ex parte Young*. 209 U.S. at 158–59. Similarly to the Plaintiffs' allegations against the Governor, merely alleging that the CSA "oversees" State's Attorneys is insufficient to establish the required connection under *Ex parte Young*. *See Chrysafis v. James*, 534 F. Supp. 3d 272, 298 (E.D.N.Y. 2021) (a defendant's simply holding the office of New York Attorney General is not enough to invoke *Ex parte Young*, particularly where "other state and local officials, rather than the Attorney General, who have the particular duty to administer or enforce" the statute); *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) ("[T]he mere fact that an attorney general has a duty to prosecute all actions in which the state is interested [is not] enough to make him a proper defendant in every such action.").

Connecticut law charges the individual State's Attorneys for each judicial district, all of whom are independent constitutional officers with the "prosecutorial power of the state," with the duty of enforcing Connecticut's criminal laws, like § 53-202a-c, in the first instance. Conn. Const. Art. IV., § 27. And Connecticut law imposes a special duty upon the individual State's Attorneys that is not imposed upon the CSA: "Each state's attorney, assistant state's attorney and deputy assistant state's attorney shall diligently inquire after and make appropriate presentment and complaint to the Superior Court of all crimes and other criminal matters within the jurisdiction of the court or in which the court may proceed, whether committed before or after his appointment to office." Conn. Gen. Stat. § 51-286a(a); *see, e.g.*, Conn. Gen. Stat. § 51-278(b)(1)(B) (providing that each State's Attorney appointed for each judicial district "shall act therein as attorney on behalf of the state"); *see also Inkel v. Connecticut*, Docket No. 3:14-CV-01303 (MPS), 2015 U.S. Dist. LEXIS 86092, at *13 (D. Conn. July 2, 2015) (observing that CSA "is not responsible for

prosecuting individual cases within the various judicial districts" but that such responsibility belongs to "the local State's Attorney for each judicial district").

The Second Circuit has recognized that the CSA occupies a "somewhat peculiar position" as the "administrative head" of the Connecticut Division of Criminal Justice. Conn. Const. Art. XXIII; *Powers v. Coe*, 728 F.2d 97, 99 n.3 (2d Cir. 1984) (observing that under previous statutory scheme CSA exercised powers in criminal matters "similar in some respects to those of the attorney general in many states"). Connecticut law requires the CSA to carry out administrative duties and to represent the state in "appellate, post-trial, and postconviction proceedings," but it does not impose any duty upon the CSA to enforce Connecticut's criminal law in the first instance. Conn. Gen. Stat. § 51-277(c); *see* Conn. Gen. Stat. § 51-278(a) (providing that CSA is the "administrative head" of the Division of Criminal Justice); Conn. Gen. Stat. § 51-279 (describing the powers and duties of CSA).

The CSA has residual prosecutorial powers: he "*may* sign any warrants, informations, applications for grand jury investigations and applications for extradition," but Connecticut law does not require him to do so. Conn. Gen. Stat. § 51-277(d)(1) (emphasis added). Further, the CSA does not have the ability to take steps in pursuit of a criminal prosecution for violation of § 53-202a-c in the first instance without the "prior consent" of the individual state's attorney concerned. Conn. Gen. Stat. § 51-277(d)(2)-(3) (providing that the Chief State's Attorney may represent the state in court only with the "prior consent" of the state's attorney for that district and may only take the place of a state's attorney if there exists "clear and convincing evidence" of "misconduct, conflict of interest or malfeasance" by the state's attorney). In other words, § 53-202a-c is enforced by parties other than the CSA, namely the individual State's Attorneys, all of whom have the

power, ability, and special duty to enforce the criminal law in the first instance within their assigned judicial district. Conn. Gen. Stat. § 51-286a(a).

"For a duty found in the general laws to constitute a sufficient connection, it must include the right <u>and the power</u> to enforce . . . the act in question." *HealthNow New York, Inc. v. New York*, 739 F. Supp. 2d 286, 296 n.6 (W.D.N.Y. 2010) (emphasis in original) (quoting *Okpalobi v. Foster*, 244 F.3d 405, 416-17 (5th Cir. 2001)). "Thus, any probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." *Okpalobi*, 244 F.3d at 417; *see Ex parte Young,* 209 U.S. at 160 (asking "whether the attorney general had, *by the law of the state*, so far as concerns the . . . acts [at issue], any duty with regard to the enforcement of the same") (emphasis added).

Plaintiff has not alleged that the CSA has demonstrated any willingness or duty to enforce § 53-202a-c. At bottom, the CSA lacks the requisite connection to the enforcement of § 53-202a-c needed to invoke *Ex parte Young*. CSA Griffin is not a proper party under *Ex parte Young* and this action against him in his official capacity is barred by the Eleventh Amendment. It should be dismissed accordingly.

### 3. State's Attorneys Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Gedansky, Platt, and Mahoney are not proper parties under *Ex parte Young*.

Plaintiffs have also failed to properly allege the requisite connection of State's Attorneys Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Gedansky, Watson, Platt, and Mahoney to enforcement of § 53-202a-c against Plaintiffs. Though Plaintiffs correctly allege that all the individual State's Attorneys are "required to diligently inquire after and make appropriate presentment and complaint to the Superior Court of all crimes and other criminal matters within the jurisdiction of the court in which the court may proceed," they fail to note that none of the

aforementioned Defendants have any connection to the judicial districts in which the individual Plaintiffs may be prosecuted. ECF # 1, ¶¶ 38-50.

Connecticut State's Attorneys are designated to specific, geographical judicial districts, over which they have prosecutorial power in the first instance. *See Elliott v. City of Hartford*, Docket No. 3:09-CV-00948 (AWT), 2013 U.S. Dist. LEXIS 204324, at *5-6 (D. Conn. Sep. 30, 2013) ("[e]ach of the thirteen judicial districts in Connecticut is led by a state's attorney, who is appointed by the Criminal Justice Commission"); Conn. Const. Art. XXIII; *See also* https://portal.ct.gov/DCJ/About-Us/About-Us/Judicial-Districts-and-States-Attorneys, last accessed on February 2, 2023 (identifying thirteen judicial districts and corresponding States Attorneys).

Plaintiffs Grant, Hamilton, and Stiefel have alleged that they reside in Meriden, Enfield, and Montville, Connecticut, respectively. See ECF # 1, ¶¶ 6, 15, 20. Thus, the State's Attorneys responsible for prosecuting them, should they violate § 53-202a-c, would be the State's Attorneys for such corresponding judicial districts—Defendants Doyle, Walcott, and Narducci. See *Id.*, ¶¶ 41, 45, 46 (these Defendants are State's Attorneys for New Haven, Hartford, and New London judicial districts, respectively).

Plaintiffs have alleged no facts that would provide the requisite "connection" for enforcement against them by any other individual State's Attorney, because they have not alleged any connection to any other judicial district. While State's Attorneys, like the CSA, *may* have the ability to prosecute in a judicial district other than their assigned district, they must be "assigned" to do so "on designation by the Chief State's Attorney or the Inspector General, as applicable." Conn. Gen. Stat. § 51-281. The only officials with the requisite duty and connection to enforcement of § 53-202a-c against the Plaintiffs would be those State's Attorneys in the judicial districts in

10

which Plaintiffs violated the challenged statutes, and the only allegations connecting Plaintiffs to any individual State's Attorneys are the allegations of the judicial districts in which they reside. Any relief provided against any other State's Attorney would be meaningless.[1] Accordingly, all other States Attorney's are not proper parties to this action, and all claims against them are barred.

### III.    CONCLUSION

This Court should grant this Motion and dismiss the claims against Defendants Lamont, Griffin, Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Watson, Gedansky, Platt, and Mahoney accordingly.

DEFENDANTS
Lamont et al.

WILLIAM TONG
ATTORNEY GENERAL

/s/ *Janelle R. Medeiros*

Janelle R. Medeiros
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct30514
E-Mail: janelle.medeiros@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5590

_____
James M. Belforti
Assistant Attorney General

---

[1] Indeed, this issue is tied closely to the issue of redressability, as part of the point of the "connection" requirement of *Ex Parte Young* is to ensure the relief ordered against a particular official may actually remedy the wrong. *See, e.g., Schaeffer v. Clinton*, 54 F. Supp. 2d 1014, 1019 (D. Colo. 1999) ("The issues of causation and redressability are intertwined in this discussion with that of whether the defendants are proper parties to the suit.")

                                                          110 Sherman Street  
                                                         Hartford, CT 06105  
                                                         Tel: (860) 808-5450  
                                                         Fax: (860) 808-5591  
                                                         Federal Bar No. ct30449  
                                                         E-Mail: james.belforti@ct.gov

## **CERTIFICATION**

I hereby certify that on February 8, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    ___/s/ *Janelle R. Medeiros*  
                                                       Janelle R. Medeiros  
                                                       Assistant Attorney General