UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDDIE GRANT, JR., *et al* | : | CIVIL NO. 3:22-CV-01223 (JBA) |
|     *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| LAMONT, *et al.,* | : | |
|     *Defendants*. | : | FEBRUARY 21, 2023 |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DOC. #28.)**

Pursuant to Local Rule 7(b), Defendants respectfully move for extension of time of their deadline to respond to Plaintiffs' Emergency Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction. Plaintiffs do not consent to this Motion.

**I.  BACKGROUND**

On February 3, 2023, Plaintiffs filed their Motion seeking "an emergency, *ex parte*, Temporary Restraining Order ordering the Defendants and their subordinates to refrain from enforcing Connecticut's 'assault weapon' ban in regard to any firearm previously designated as an 'other,' and a Preliminary Injunction, upon an expedited opportunity for Defendants to be heard, enjoining the Defendants and their subordinates from enforcing Connecticut's 'assault weapon' ban." (Doc. #28-1 at 3.)

Plaintiffs' claimed "emergency" is a change in how the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) have classified so-called "others" or "other firearms" that do not meet the Connecticut statutory definition of either a pistol, a rifle, or a shotgun, thereby not falling under the ambit of Connecticut's law prohibiting assault weapons, Conn. Gen. Stat. §§ 53-202a-c. Plaintiffs claim that ATF's new designation of such weapons as "short-barreled

1

rifles"—pursuant to a January 31, 2023 amendment to 27 C.F.R. 479.11—places them at risk of being prosecuted under Connecticut's assault weapons law, despite the fact that there has been no change to Connecticut's statutes regarding so-called "others."

On February 8, 2023, the Department of Emergency Services and Public Protection's (DESPP) Special Licensing and Firearms Unit (SLFU) issued a memo regarding the ATF's new final rule and published it publicly on its website.  https://portal.ct.gov/-/media/DESPP/SLFU/ATF-Final-Rule-Memo_2-8-23_Final.pdf.  The memo explained that those who lawfully possessed a "CT-Other in its original configuration as of 1-31-2023" were not "in violation of the Connecticut assault weapon ban."  On February 9, 2023, the undersigned provided a link to this memo to Plaintiffs' counsel.  The undersigned further represented that the Division of Criminal Justice has taken the same position as DESPP as to this issue, meaning neither Plaintiffs nor anyone else in Connecticut is now, or has ever been, considered to be in violation of state law due to the new ATF rule.  Defendants told Plaintiffs they believed this resolved the TRO issue.  Plaintiffs disagreed.  Defendants filed a Motion for a Scheduling Conference with Plaintiffs' consent to discuss scheduling on February 13, 2023.  (Doc. #30) That Motion has yet to be acted upon by the Court.  Defendants' response to Plaintiff's emergency motion is currently due on February 24, 2023.

**II.      ARGUMENT**

Defendants submit there is good cause to grant this Motion.  This Court lacks jurisdiction to enter Plaintiffs' requested TRO for several reasons. First, Plaintiffs have no standing to pursue their claim—which was not included in their Amended Complaint—that Conn. Gen. Stat. §§ 53-202a-c is unconstitutional as applied to "others" or "other firearms," as they cannot show that they face "a credible threat of prosecution."  *Adam v. Barr*, 792 F. App'x 20, 23 (2d Cir. 2019);

2

*see also Knife Rights, Inc. v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015) ("A credible threat is not established by 'imaginary or speculative' fears of prosecution" (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

Even if Plaintiff's could establish standing based on some hypothetical future where DESPP or the Division of Criminal Justice change their minds and begin to reinterpret the relevant statute to include "others," such a claim would not be ripe, also depriving this Court of jurisdiction. *See Poe v. Ullman*, 367 U.S. 497, 507-08 (1961) (holding no jurisdiction in challenge to Connecticut statutes and stating "[i]t is clear that the mere existence of a state penal statute would constitute insufficient grounds to support a federal court's adjudication of its constitutionality in proceedings brought against the State's prosecuting officials if real threat of enforcement is wanting. If the prosecutor expressly agrees not to prosecute, a suit against him for declaratory and injunctive relief is not such an adversary case as will be reviewed here . . . The fact that Connecticut has not chosen to press the enforcement of this statute deprives these controversies of the immediacy which is an indispensable condition of constitutional adjudication. This Court cannot be umpire to debates concerning harmless, empty shadows. To find it necessary to pass on these statutes now, in order to protect appellants from the hazards of prosecution, would be to close our eyes to reality.").[1]

Further, Defendants are immune from such a claim because Plaintiffs cannot invoke the Ex Parte Young exception to the Eleventh Amendment because there is no "ongoing violation" of the Constitution with regard to "others." *See NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019) ("A plaintiff may invoke [the *Ex Parte Young*] exception provided that his complaint (a)

---

[1] *See also O'Shea v. Littleton*, 414 U.S. 488, 499 (1974) (explaining that enjoining a state's criminal processes is inappropriate absent "a showing of irreparable injury which is 'both great and immediate'"); *Boyle v. Landry*, 401 U.S. 77, 81 (1971) ("[T]he normal course of state criminal prosecutions cannot be disrupted or blocked on the basis of charges which in the last analysis amount to nothing more than speculation about the future.").

alleges an *ongoing violation* of federal law and (b) seeks relief properly characterized as prospective.") (emphasis added).

Despite this, Plaintiffs maintain that the TRO issue has not been resolved and that they still face an imminent and emergent risk of prosecution. Defendants therefore propose that the parties fully brief and the Court address the multiple jurisdictional issues regarding the TRO before Defendants respond to the substance of the TRO or the PI. The facts on the jurisdictional aspects of the TRO issue are straightforward and there is no discovery that needs to be completed before the Court can address the jurisdictional issues. The substantive aspects of the TRO are different and Defendants could not properly respond to the Second Amendment aspects of the TRO without engaging in discovery, including both requests for production and depositions of Plaintiffs. Defendants therefore propose that resolving the jurisdictional aspects of the TRO will best serve judicial economy and potentially avoid the unnecessary expense of discovery on factual matters regarding a statute that is not now nor has ever been interpreted in a manner to apply to the "others" Plaintiffs claim to own. In short, there is likely no need for this Court to decide whether the relevant statute violates the Second Amendment as applied to Plaintiffs' claimed "others" so it would be an unnecessary waste of time and money to engage in the discovery required to oppose Plaintiffs' challenge.

Defendants therefore respectfully request and propose the following schedule to address Plaintiff's Motion for TRO and Preliminary Injunction:

-March 17, 2023: Defendants' brief regarding the aforementioned jurisdictional issues regarding the TRO

-April 7, 2023: Plaintiffs' opposition addressing the jurisdictional issues regarding the TRO

-April 21, 2023: Defendants' reply to Plaintiffs' opposition, if necessary

Defendants propose that their response to Plaintiffs' Motion for Preliminary Injunction regarding the facial challenge to the assault weapons statute be due 30 days after this Court's ruling if the ruling resolves the TRO issue entirely. If the Court determines that the substance of the TRO must still be addressed, Defendants request a period of 4 months from the date of the Court's order to respond to both the substance of the TRO and the PI. This will allow Defendants time to engage in the aforementioned discovery and allow Defendants to fully respond to both the substance of the TRO issue and the PI.

                                       DEFENDANTS
                                       Lamont et al.

                                       WILLIAM TONG
                                       ATTORNEY GENERAL

BY: _____

                                       James M. Belforti
                                       Assistant Attorney General
                                       110 Sherman Street
                                       Hartford, CT  06105
                                       Tel:  (860) 808-5450
                                       Fax:  (860) 808-5591
                                       Federal Bar No. ct30449
                                       E-Mail:  james.belforti@ct.gov

By: *Janelle R. Medeiros*
       Janelle R. Medeiros
       Assistant Attorney General
       Federal Bar No. ct30514
       110 Sherman Street
       Hartford, CT  06105
       Telephone: (860) 808-5450
       Fax No.: (860) 808-5591
       E-Mail:  Janelle.medeiros@ct.gov

**<u>CERTIFICATION</u>**

I hereby certify that on February 21, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
James M. Belforti
Assistant Attorney General