# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDDIE GRANT, JR., JENNIFER HAMILTON; MICHAEL STIEFEL; CONNECTICUT CITIZENS DEFENSE LEAGUE, INC.; AND SECOND AMENDMENT FOUNDATION, INC., | CIV. NO. 3:22-cv-01223-JBA <br><br> March 1, 2023 |
| Plaintiffs, | |
| v. | |
| EDWARD M. LAMONT, JR., in his official capacity; JAMES ROVELLA, in his official capacity; PATRICK GRIFFIN, in his official capacity; MARGARET E. KELLY, in her official capacity; DAVID R. APPLEGATE, in his official capacity; JOSEPH T. CORRADINO, in his official capacity; SHARMESE L. WALCOTT, in her official capacity; DAVID R. SHANNON, in his official capacity; MICHAEL A. GAILOR, in his official capacity; CHRISTIAN WATSON, in his official capacity; JOHN P. DOYLE, JR., in his official capacity, PAUL J. NARDUCCI, in his official capacity; PAUL J. FERENCEK, in his official capacity; MATTHEW C. GEDANSKY, in his official capacity, MAUREEN PLATT, in her official capacity; ANNE F. MAHONEY, in her official capacity, | **PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO REPLY TO PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION** |
| Defendants. | |

The Plaintiffs hereby object to the Defendants' Motion For An Extension of Time To Respond To Plaintiffs' Motion for Emergency Temporary Restraining Order And Preliminary Injunction. Dkt. 31. With all due respect to Defendants' counsel and their representations to the Court, the unique and heavy politicized nature of the issues raised by this action and the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction give the Plaintiffs little assurance that the Defendants themselves will honor an off-the-record

statement made by counsel who has no power over the Defendants' political decisions – particularly when at least one of the Defendants – Lamont – has publicly announced his position that "others" are "assault weapons." *See* Exhibit A to Dkt. 28, p. 2. Adding to the Plaintiffs' good cause for concern is that Lamont possesses virtually unlimited authority to reverse the unsigned memorandum from the Special Licensing and Firearms Unit ("SLFU") on which the Defendants ask the Plaintiffs to rely.

Additionally, the Defendants continue to decline even in their filing – Dkt. 31, p. 2 – to make an on-the-record representation that the Defendants consider themselves bound by the February 8, 2023 memo from SLFU until the Court rules on the Plaintiffs' request for a preliminary injunction. Instead, the language Defendants use only intensifies the Plaintiffs' concerns: "The undersigned further represented that the Division of Criminal Justice has taken the same position as DESPP as to this issue, meaning neither Plaintiffs nor anyone else in Connecticut is now, or has ever been, considered to be in violation of state law due to the new ATF rule." Dkt. 31, p. 2. This representation provides absolutely no future assurances against the Defendants' politic whims. Nothing in the Defendants statements, on or off the record, even hints at ensuring the Defendants will not consider the Plaintiffs to be in violation of state law due to the new ATF rule tomorrow – the precise type of assurance the Plaintiffs have explicitly requested from the Defendants and the Defendants have repeatedly refused to provide.

Finally, lest the Court construe the Plaintiffs' motion too narrowly, the Plaintiffs seek an expedited schedule in their request for emergency relief to Connecticut's broader "assault weapons" ban, which the Defendants' own data indicates cannot withstand constitutional

challenge. Regardless of the Court's decision on the Plaintiff's motion for TRO on the issue of "others," the Court should not consign the Plaintiffs to endure extended briefing schedules in defense of an unconstitutional law, which based on the new Supreme Court ruling, is clearly on its last legs.

## **Factual Background**

The Plaintiffs initiated this action on September 29, 2022, seeking declaratory and injunctive relief to protect their right to keep and bear commonly owned firearms that Connecticut law misnomers as "assault weapons." Dkt. 1. On January 31, 2023, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) classified most "others"[1] as "rifles" or "short-barreled rifles." Because any type of rifle with the features of an "other" falls within the category of "assault weapons" under Connecticut law, this reclassification placed Connecticut "other" owners, including the Plaintiffs at immediate risk of being prosecuted for possessing firearms that, mere minutes before, they had legally owned. *See* Dkt 28-1, pp. 6-8 (explaining the impact of the ATF rule).

On January 31, 2023, the ATF announced to Connecticut residents that their "others" were "assault weapons" under Connecticut law and that Connecticut residents would not be permitted to comply with the new federal rule, although virtually all other Americans would. *See* Dkt 28-1, p. 7 and cited exhibits. The Plaintiffs shortly thereafter filed an emergency motion for *ex parte* relief through a temporary restraining order. Dkt. 28. In that same motion, they sought a preliminary injunction on an emergency basis. Dkt. 28.

---

[1] A firearm is considered an "other" because it does not meet the statutory definition of either "rifle," "shotgun," or "pistol" under Connecticut law. *See* Conn Gen Stat. Sec. 53a-3(16)-(18).

The relief that the Plaintiffs sought came in two categories. First, they asked the Court to issue broad injunctive relief, enjoying the Defendants from enforcing Conn. Gen. Stat. §§ 53-202a, 53-202b, and 53-202c, which collectively comprise the bulk of Connecticut's "assault weapons" ban. Dkt. 28. Second and only in the alternative, the Plaintiffs asked the Court to issue narrower injunctive relief, enjoining the Defendants from enforcing the classification of "others" as "assault weapons" under Connecticut law. Dkt. 28.

In support of their motion, the Plaintiffs cited in sworn testimony the Defendants' own state-compiled data produced under a FOIA request as to the firearms owned in Connecticut and their type. *See* Dkt. 28-3, Affidavit of Ray Bevis, Jr., pp. 1-3. The Defendants themselves confirmed that "assault weapons" constituted approximately 4.1 percent of firearms in Connecticut. *Id.* at p. 2. The Defendants further confirmed that 6.8 percent of firearms in Connecticut constituted "others." *Id.* at p. 4.

The Plaintiffs cited the revised standard for analyzing Second Amendment challenges that the Supreme Court established in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (Jun. 23, 2022) and Second Circuit's prior application of the first part of the test endorsed by *Bruen* in *New York State Rifle and Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 255 (2d Cir. 2015) as providing an indisputable rule of law that overwhelmingly favors the Plaintiffs. Dkt. 28-1, pp. 23-28. In particular, the Plaintiffs identified *Cuomo*'s rightful skepticism about the reliability of estimates supplied to them, but they submitted to the Court that they were not bringing in estimates, but reliable data compiled by the Defendants themselves. *Id.* at 24-28. They submitted that the Defendants' own data conclusively established that the Plaintiffs

had greatly exceeded the *Cuomo* thresholds for "common use" by multiples of times. *Id.* at pp. 27-28.

The Court has yet to rule on this motion and adjudicate these facts.

On February 8, 2023, SLFU issued an unsigned memorandum to "Interested Parties" with the re: line "ATF final rule FAO's." The first sentence of SLFU's unsigned memorandum states "The information provided in this memo does not, and is not intended to, constitute legal advice. Instead, the information contained herein should be considered for general informational purposes only." The SLFU memo is written only in the present tense – stating that "[p]ursuant to State law, "other" firearms are not prohibited *at this time*." (Emphasis added). Nothing in the SLFU memo indicates, or even hints, that such interpretation will not change tomorrow.

On February 21, 2023, the Defendants moved the Court for significant extensions of time to respond to the Plaintiffs' emergency motions. If granted, it would leave Connecticut's unconstitutional laws in place, and leave the Plaintiffs at risk of prosecution, for up to four months. Dkt. 31. The Plaintiffs now submit this objection.

## Argument

The Plaintiffs cannot possibly consent to a motion for an extension of time regarding their emergency motion without receiving a binding, on-the-record assurance that the Defendants will not enforce the "assault weapon" ban against the  Plaintiffs. The Plaintiffs cannot simply hope and trust that the Defendants will not further attack to the Plaintiffs' Second Amendment rights.

As head of Connecticut's executive department, Defendant Lamont has the power and ability to order Defendant Rovella to revoke, circumvent or simply ignore the SLFU memorandum. So too does Defendant Lamont have the power and ability to terminate and replace Defendant Rovella with a Commissioner who will do Lamont's bidding. That bidding will subject the Plaintiffs and countless other Connecticut residents to a mass deprivation of their constitutional rights.

The Plaintiffs have concrete and justified cause to fear this happening. The Court need look no further than the face of the representation made to it by the Defendants, claiming that Rovella has not classified "others" as "assault weapons" as of now and the same for the prosecutorial defendants: "The undersigned further represented that the Division of Criminal Justice has taken the same position as DESPP as to this issue, meaning neither Plaintiffs nor anyone else in Connecticut is now, or has ever been, considered to be in violation of state law due to the new ATF rule." Dkt. 31, p. 2. Their representation is completely devoid of any assurance – binding or otherwise – that Defendant Lamont currently agrees with that position. Nor it is an affirmative representation that Defendant Lamont, or any of the Defendants, will not simply change their minds in the future. The conspicuous absence of any future assurances fairly raises the question about what undisclosed plan the Defendants have may have to reinterpret the ATF's new rule. The Court should not make the Plaintiffs wait until they are victimized to protect them.

Additionally, the Defendants assert as a significant basis of their Motion to Dismiss that Defendant Griffin does not have controlling authority over the thirteen State's Attorneys. Dkt. 29-1, p. 6-9. In the Defendants' Motion for Extension of Time, however, they make no

representations regarding the thirteen State's Attorneys – only a rather vague statement regarding Defendant Griffin alone. Does Defendant Griffin control the acts of the thirteen State's Attorneys, or not? The Defendants' lack of unequivocal, affirmative representations fails to meet the *Poe v. Ullman*, 367 U.S. 497 (1961) standard on which the Defendants rely. Dkt. 31, p. 3. The Court should require far more, especially when the Plaintiffs are at imminent risk of irreparable harm.

Finally, the Defendants pay no heed to the devastating substantive evidence of their own creation that the Plaintiffs have produced against them. As recited in the factual portion of Plaintiffs' Complaint, there is no question that Connecticut "others" and "assault weapons" are in "common use" – one of the either/or tests that on which the Plaintiffs must carry their procedural burden at this juncture. ***The Plaintiffs are asking for their rights to be protected as to both "others" and "assault weapons" on an expedited basis***.

The Defendants made no effort to meet their substantive burden on either question, nor even acknowledge its existence. Instead, they have flooded the Court with procedural objections that will take the Court time to thoughtfully resolve, that the Plaintiffs have not yet finished briefing, and that conflict in multiple ways with Defendants' own Motion to Dismiss.

The Court should not reward ambiguity, especially when used for the purpose of delay when real irreparable harm is staring the Plaintiffs in the face. The Supreme Court's recent decisions have cast the die that the days of Connecticut's "assault weapons" ban are numbered. The Court should deny the Defendants' attempt to prolong them with unnecessary procedural tactics in blatant derogation of the Plaintiffs' constitutional rights.

## Conclusion

The Plaintiffs offered an eminently reasonable compromise that: that Defendants provide the Plaintiffs with a binding, on-the-record, and explicit representation that protects the Plaintiffs' from prosecution regarding "others," and the Plaintiffs will consent to an extension of time.

The Defendants have spurned the offer – obviously not wanting to commit to their off-the-record statements. The Court should not become the conduit for imposing months of delays on the Plaintiffs in derogation of their constitutional rights. Thus, the Plaintiffs respectfully request that the Court deny the Defendants' motion in its entirety.

Dated: March 1, 2023                    Respectfully submitted,

_//s// Doug Dubitsky_
Doug Dubitsky, Esq.
(ct21558)
LAW OFFICES OF DOUG DUBITSKY
P.O. Box 70
North Windham, CT 06256
Telephone: 860.933.9495
Facsimile: 866.477.1120
Email: doug@lawyer.com

_//s// Craig C. Fishbein_
Craig C. Fishbein, Esq.
(ct25142)
FISHBEIN LAW FIRM, LLC
100 South Main Street
P.O. Box 363
Wallingford, Connecticut 06492
Telephone: 203.265.2895
Facsimile: 203.294.1396
E-mail: ccf@fishbeinlaw.com

8

_/s/_  _Cameron L. Atkinson_
Cameron L. Atkinson, Esq.
(ct31219)
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Facsimile: 203.672.6551
Email: catkinson@atkinsonlawfirm.com

_Attorneys for the Plaintiff_

## <u>CERTIFICATION OF SERVICE</u>

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties and counsel of record who have appeared by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

<u>/s/ Doug Dubitsky /s/</u>