UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDDIE GRANT, JR., *et al* | : | CIVIL NO. 3:22-CV-01223 (JBA) |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| LAMONT, *et al.,* | : | |
| *Defendants.* | : | MARCH 10, 2023 |

## <u>DECLARATION OF JAMES ROVELLA</u>

I, JAMES ROVELLA, DO DECLARE (OR CERTIFY, VERIFY, OR STATE) UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT AND IS BASED UPON MY PERSONAL KNOWLEDGE:

1.  I am over the age of eighteen years old and believe in the obligations of an oath.

2.  I have been employed in law enforcement and emergency services my entire career, spanning close to 40 years. I have been a city police officer, detective, Chief Inspector with the State of Connecticut Division of Criminal Justice, City of Hartford- Chief of Police, Executive Director- Colonel of the State Environmental Conservation Police, and finally, Commissioner of the Department of Emergency Services and Public Protection (DESPP).

3.  I currently serve as the Commissioner of the Department of Emergency Services and Public Protection. I have served in the role since February of 2019.

4.  DESPP is a state agency made up of the following six divisions: Commission on Fire Prevention and Control/Connecticut Fire Academy, Emergency Management and Homeland Security, Statewide Emergency Telecommunications, Police Officers Standards and Training Council, Scientific Services, and the Connecticut State Police.

**Exhibit 1 at 001**

5.  The federal Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") recently issued a regulation or a regulatory rule clarifying the ATF's definition of a "rifle."

6.  Connecticut Statutes do not define "rifle" in the manner that the new ATF rule does.

7.  The ATF regulatory rule did not amend or alter Connecticut law.

8.  Connecticut's laws addressing assault weapons, Conn. Gen. Stat. § 53-202a-c, do not ban or prohibit so-called "other" weapons. Therefore, anyone lawfully in possession of a so-called "other" weapon in its original configuration is not violating Connecticut law.

9.  DESPP Special Licensing and Firearms Unit issued guidance for the public on this issue on February 8, 2023. See Attachment A.

10. The DESPP has never applied and is not currently applying Conn. Gen. Stat. §§ 53-202a-c to ban or criminalize possession of so-called "others." The recent ATF regulatory rule mentioned above has not changed this.

## DECLARATION UNDER PENALTY OF PERJURY
## PURSUANT TO 28 U.S.C. § 1746

I, James Rovella, declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct to the best of my belief and based upon my personal knowledge. Executed on March 9th 2023.

_James Rovella_

Exhibit 1 at 002



## STATE OF CONNECTICUT
### DEPARTMENT OF EMERGENCY SERVICES AND PUBLIC PROTECTION

**TO:**        Interested Parties

**FROM:**      DESPP Special Licensing and Firearms Unit

**DATE:**      February 8, 2023

**RE:**        ATF final rule FAQ's

The information provided in this memo does not, and is not intended to, constitute legal advice. Instead, the information contained herein should be considered for general informational purposes only. The terms "other" and "CT-Other" firearms, as used in this memo, refer to their commonly used meaning and are used in reference to Connecticut law only.  For purposes of federal law, the reader should consult the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter referred to as "ATF") guidance for the understanding of an "any other weapon" as understood by federal law.  Nothing in this memo is designed to serve as information regarding an "any other weapon" under federal law.

On January 13, 2023, the U.S. Attorney General signed ATF final rule 2021R-08F, "Factoring Criteria for Firearms with Attached 'Stabilizing Braces,'" amending ATF's regulations to clarify when a rifle is designed, made, and intended to be fired from the shoulder. The rule was published on January 31, 2023.

Below are frequently asked questions from the field. In addition, a frequently asked question document from the ATF may be accessed here.

1) **If I lawfully possessed a CT-Other in its original configuration as of 1-31-2023, am I now in violation of the Connecticut assault weapon ban?**
No. While the federal rule amended definition of "rifle" in such a way as to render a so called "other" as a "rifle" under federal law, the Connecticut definition of "rifle" has not been amended. Therefore, anyone who lawfully possesses an "other" in its original configuration is not deemed to be in possession of an assault weapon in Connecticut. Anyone in possession of an "other" firearm should review ATF guidance with regard to their status under federal law, however, to determine if they are in possession of a "firearm" that is subject to National Firearms Act ("NFA") rules.  SLFU encourages those in possession of "others" with a barrel length under 16 inches to examine whether their firearm is now classified as a short-barreled rifle under federal law.

In addition, SLFU is working with ATF on a method that would allow a legally possessed CT-other to be registered as a short-barreled rifle.

**Attachment A at 001**

2) **If I sell firearms, when is the last day I can sell CT-Others?**
The ATF Final Rule applies to semi-automatic firearms with stabilizing braces only. Dealers should consult ATF guidance regarding the legality of firearms equipped with stabilizer braces on firearms that are now subject to the NFA under federal law by virtue of the ATF Final Ruling on stabilizing braces. If the Federal government has determined that these firearms are short-barreled rifles ("SBR's) they will require registration under federal law.  Pursuant to State law, "other" firearms are not prohibited at this time.

3) **How does the ATF Final Ruling on stabilizing braces affect an FFL selling what are deemed CT-Others to eligible persons in Connecticut?**
The ATF Final Rule does not affect the sale of "other" or "CT-Other" firearms by an FFL. Presently, it is not unlawful, under state law, for an FFL to sell such firearms.  However, if by virtue of the ATF Final Rule, said "other" firearm is now classified as an SBR under federal law, it is unlawful to sell such firearm pursuant to federal law without following the relevant procedures under the National Firearms Act.

4) **ATF didn't change the definition of shotgun so how does that affect firearms with stabilizing braces that are semi-automatic with a detachable magazine and smooth bore (the barrel feature indicative of a shotgun)? (e.g. a Kalashnikov Komrad 12 gauge "other" or similar firearm)?**
The ATF rule change does not make any substantive changes to Connecticut state law. (See FAQ #1). If such a semi-automatic shotgun was classified as an assault weapon under state law, prior to the federal rule change, it remains subject to the existing prohibition on assault weapons under state law.  For purpose of state law, the definition of pistol, rifle, or shotgun has not changed. If the ATF rule change results in such firearm becoming an NFA firearm, under federal law, anyone in possession of such firearm should review ATF guidance referenced above. If the firearm has not been evaluated by the ATF's Firearms Technology Industry Services Branch for firearm classification, then we cannot offer any guidance of its legality federally.

5) **How does the ATF Final Ruling on stabilizing braces affect individuals possessing CT-others regardless of barrel length in Connecticut?**
Generally, the ATF Final Ruling does not have any effect on Connecticut law at this time. This new ruling affects the barrel length and overall length as it pertains to NFA items and the need to obtain a tax stamp at the federal level.

Due to the registration period for assault weapons being closed in Connecticut, we are diligently working with the ATF on what documentation would establish legal possession of an "other" in order to obtain a tax stamp for any firearm deemed an SBR under federal law.  Further guidance will be forthcoming on the process for obtaining the appropriate documentation, if needed, to make an application for an ATF Form 1.

6) **Can an FFL purchase a stabilizing brace CT-Other from a person?  In other words, is the seller certificate of possession required?**
The new ATF Final Rule has no effect on present Connecticut firearms law.  "CT-Other" firearms are not illegal by virtue of this federal rule.  Under state law, the application of a

2

stabilizing brace to a firearm does not create a rifle at this time.  If, however, that firearm is considered a "firearm" for NFA purposes, the FFL should consult ATF guidance on the legality of their possession of that firearm.

7) **Will there be an open registration period?  What should I do with my firearm in the meantime?**

As previously indicated, anyone who lawfully possesses a CT-Other in its original configuration is not deemed to be in possession of an assault weapon under Connecticut law and no registration would be necessary.  (See FAQ #1.) While no new firearm legislation has been passed in the Connecticut General Assembly, there have been several past and present proposals related to changes in firearm laws.  Any statement regarding proposed legislation that has not yet been enacted is speculative and is beyond the purpose of the memo.

**Attachment A at 003**