UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDDIE GRANT, JR., *et al* | : | CIVIL NO. 3:22-CV-01223 (JBA) |
|    *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| LAMONT, *et al.,* | : | |
|    *Defendants*. | : | MARCH 15, 2023 |

**DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION TO THEIR MOTION TO DISMISS**

Plaintiffs have not established this Court has jurisdiction over their claims against the moving Defendants. Instead, Plaintiffs merely reiterate their Complaint's allegations, underscoring that their claims against Governor Lamont and CSA Griffin rest solely on the Governor's and CSA's positions as high-ranking officials rather than on the requisite "connection" to enforcement of the challenged statutes as required by *Ex Parte Young*.

As to States Attorneys Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Watson, Gedansky, Platt, and Mahoney, Plaintiffs have alleged no facts and advanced no argument proving the requisite "connection" for enforcement against them by any of the moving States' Attorneys, because Plaintiffs have not alleged any connection to any judicial district over which the moving States' Attorneys preside. As a result, Plaintiffs have not met their burden to demonstrate jurisdiction over the claims against the moving Defendants, and those claims should be dismissed.

**I.      Supervisory authority is not enough to demonstrate sufficient "connection" with enforcement to establish either Governor Lamont or CSA Griffin as proper parties.**

Plaintiffs fail to address Defendants' argument that neither Governor Lamont nor CSA Griffin has any direct connection to enforcing General Statutes § 53-202a-c, let alone a particular duty or demonstrated willingness to enforce that statute. ECF # 34, Pgs. 4-9. The plain language

1

of § 53-202a-c reveals no such connection, Connecticut law does not charge the Governor with enforcing criminal statutes, and CSA Griffin is not responsible for prosecuting violations of § 53-202a-c in the first instance. *See* ECF # 29-1, Pgs. 6-9. Plaintiffs also do not contest that the "general authority to enforce the laws of the state is not sufficient to name a state officer as a defendant in an action challenging a law." *HealthNow New York, Inc. v. New York*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010) (internal quotation marks omitted); *see also Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996). Rather, Plaintiffs' primary argument for jurisdiction over claims against Governor Lamont and CSA Griffin is that, as high-ranking officials, they have some supervision over officials with a duty to enforce Connecticut's assault weapons statutes. *See* ECF # 34, Pgs. 5-7 (citing *Reynolds v. Blumenthal*, No. 3:04-CV-218 (PCD) 2006 U.S. Dist. LEXIS 68970, *27 (D. Conn. September 26, 2006)). Specifically, Plaintiffs argue that Governor Lamont's and CSA Griffin's duty to enforce § 53-202a-c exists because Governor Lamont supervises Commissioner Rovella, and because CSA Griffin supervises the individual States' Attorneys and thus, even if they themselves do not have the power or duty to enforce the assault weapons ban in the first instance, the "connection" requirement is satisfied by their supervisory role. *Id*.

But merely serving as a high-ranking official who is also a supervisor is not enough to satisfy the connection to enforcement of the challenged statutes required under *Ex Parte Young*. While direct personal involvement is not required for a defendant to be a proper party under *Young*, the state official defendant must have both "*a particular duty to enforce* the statute in question and a demonstrated willingness to exercise that duty." *Conn. Ass'n of Health Care Facilities, Inc. v. Rell,* No. 10:CV-136, 2010 U.S. Dist. LEXIS 54649, at *5 (D. Conn. June 3, 2010) (emphasis added); *See also Reynolds*, 2006 U.S. Dist. LEXIS 68970, at *27 (recognizing "personal

2

involvement" not required but dismissing claim against Attorney General despite duty to supervise other officials). "[A] generalized obligation to 'supervise' is insufficient for purposes of the *Ex parte Young* doctrine to apply." *Greater Chautauqua Fed. Credit Union v. Marks*, 600 F. Supp. 3d 405, 422 (S.D.N.Y. 2022). And just supervising and setting policy for officials with the duty to enforce the assault weapons ban, such as Commissioner Rovella or the individual States' Attorneys, does not make either the Governor or CSA Griffin a proper party under *Young*. *See, e.g., Urso v. Lamont*, No. 3:20-CV-00529 (KAD), 2021 U.S. Dist. LEXIS 240005, at *21 (D. Conn. Dec. 15, 2021) (A Governor delegating authority to enforce executive orders to agencies which he "supervises" is not enough to satisfy the "connection" requirement under *Young*); *Jackson v. Conn. State Dep't of Pub. Health,* No. 3:18-CV-1482 (MPS), 2019 U.S. Dist. LEXIS 85213, at *11 (D. Conn. May 21, 2019) (A supervisory position is not enough to establish the connection requirement of *Young*); *Chrysafis v. James*, 534 F. Supp. 3d 272, 298 (E.D.N.Y. 2021) (a defendant's simply holding the office of New York Attorney General is not enough to invoke *Ex parte Young*, particularly where "other state and local officials, rather than the Attorney General, who have the particular duty to administer or enforce" the statute, even where Attorney General "supervises" those officials); *McCluskey v. Comm'r of Nassau Cnty. Dep't of Soc. Servs.*, No. CV-12-3852 (JFB)(ETB), 2013 U.S. Dist. LEXIS 127614, at *8 (E.D.N.Y. July 23, 2013) ("While plaintiff has stated that the [state official] is responsible for the overall operation of [the state agency], this allegation, standing alone, is insufficient to demonstrate that the [state official] had a direct connection to, or responsibility for, the alleged illegal action") (internal quotation marks, alteration, and citation omitted); *Wang v. Pataki*, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001) (New York Governor is not a proper party despite having executive authority over agency responsible for enforcement of a challenged policy); *Curtis v. Pataki,* No. 96-CV-425 (RSP), 1997

U.S. Dist. LEXIS 15221, at *6 (N.D.N.Y. Oct. 1, 1997) (New York Governor was not proper party under *Ex Parte Young* in an action claiming correctional policy was unconstitutional because he lacked sufficient connection to enforcement of the policy despite supervising correctional commissioner); *Coal. to Defend Affirmative Action v. Brown,* 674 F.3d 1128, 1134 (9th Cir. 2014) ("general supervisory power over the persons responsible" does not subject a state official to suit in federal court); *Buffin v. City & Cty. of S.F.*, No. 15-CV-04959 (YGR), 2016 U.S. Dist. LEXIS 142734, at *39 (N.D. Cal. Oct. 14, 2016) ("Attorney General's role as the Sheriff's ultimate supervisor is not alone sufficient to bring suit against her in federal court for enforcement of the law by the Sheriff"). Ultimately, Plaintiffs' argument fails. Holding a supervisory role and a having "general" duty to enforce the laws of a state are not enough to establish the required connection with enforcement to fit into the *Young* exception.

Indeed, every high-ranking official holds some supervisory authority. If Plaintiffs' argument were correct and "[a] general duty to enforce state law or to supervise other officials responsible for enforcing the challenged provision" were sufficient to demonstrate connection for purposes of *Young*, "the constitutionality of every act passed by the legislature could be tested by a suit against the governor . . . based upon the theory that [he], as the executive of the State was, in a general sense, charged with the execution of all its laws . . . ." *Emory v. New York*, No. 11-CV-1774, 2013 U.S. Dist. LEXIS 64414, at *4 (E.D.N.Y. May 6, 2013) (citing *Ex Parte Young*, 209 U.S. 123, 157 (1908)); *see also Urso*, 2021 U.S. Dist. LEXIS 240005, at *16-17 ("Indeed, if a suit could be brought against a governor based upon his general duty to enforce the law alone, then the constitutionality of every act passed by the legislature could be tested by a suit against the governor without limitation, a result which would, in effect, make the State a party to the suit and undermine the State's sovereign immunity") (citations omitted).

To allow Plaintiffs to sue these officials simply because they possess supervisory authority over those actually tasked with enforcing the laws in the first instance would negate the Eleventh Amendment and expand *Ex Parte Young* so much as to render it meaningless. This is why "[t]he vast majority of courts to consider [this] issue have held . . . that a state official's duty to execute the laws is not enough by itself to make that official a proper party in a suit challenging a state statute" including governors and high-ranking officials. *Sabin v. Nelson*, No. 7:12-CV-1373 (GLS)(DEP), 2014 U.S. Dist. LEXIS 88462, at *6 (N.D.N.Y. June 30, 2014) (citing cases). Neither the Governor nor CSA Griffin is a proper party and this action against them is barred by the Eleventh Amendment. It should be dismissed.

Plaintiffs devote a significant portion of their memorandum to the argument that Governor Lamont has demonstrated his willingness to enforce the assault weapons ban by making statements extending the existing, statutory assault weapons ban to include so-called "other" weapons, and that Governor Lamont could hypothetically issue an executive order regarding "others." ECF # 34, Pgs. 5-7. These arguments are unavailing for several reasons.

First, as Defendants explain in their opposition to the Plaintiffs' TRO motion, this Court lacks jurisdiction over the claim relating to "others" because the Plaintiffs' lack standing and it is barred by the Eleventh Amendment, and thus these arguments should be disregarded. ECF # 36. Second, even if Plaintiffs had established an actual injury a regarding "other" weapons, the claim that Governor Lamont might hypothetically issue an executive order relating to "others" is entirely speculative because it has not happened and may never happen. *See Tesler v. Cacace,* 607 F. App'x 87, 88-89 (2d Cir. 2015) (quoting *Texas v. United States,* 523 U.S. 296, 300 (1998)) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all"). And third, even if such a claim were ripe, courts have held that

even issuing an executive order without any connection to actual enforcement is not enough to satisfy the "connection" requirement of *Young*. *See, e.g., Urso*, 2021 U.S. Dist. LEXIS 240005, at *18 (The Governor was not proper party and lacked sufficient "connection" to enforcement in a challenge to an executive order regarding mask wearing during COVID-19 pandemic, despite having issued the executive order); *Roberson v. Cuomo,* 524 F. Supp. 3d 196, 223 (S.D.N.Y. 2021) (New York Governor was not proper party with sufficient connection to enforcement of parole revocation process despite becoming involved in the process by issuing "executive orders and an emergency directive").

Governor Lamont and CSA Griffin are not proper parties to this action. They are named as token "representative[s] of the state" lacking sufficient connection to the enforcement of § 53-202a-c. *Ex Parte Young,* 209 U.S. at 157. Because Plaintiffs have not met the connection requirement of *Ex parte Young* as to either Defendant, this action against them is barred by the Eleventh Amendment.

> **II.     Plaintiffs have not alleged facts that establish State's Attorneys Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Gedansky, Platt, Watson  and Mahoney as proper parties.**

Plaintiffs have also failed to properly allege the requisite connection of State's Attorneys Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Gedansky, Watson, Platt, and Mahoney to the enforcement of § 53-202a-c against Plaintiffs. These Defendants are not proper parties under *Ex Parte Young*, because the only officials with the duty to enforce and connection to enforcement of § 53-202a-c against the Plaintiffs are the State's Attorneys in the judicial districts where Plaintiffs violated the challenged statutes. The only allegations connecting Plaintiffs to any individual State's Attorneys are the allegations of the judicial districts in which they reside, which are presided over by State's Attorneys Narducci, Doyle, and Walcott.

"In response to a motion to dismiss pursuant to Rule 12(b)(1), '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Beaupre v. Chubb & Son, Inc.*, No. 3:19-CV-834-JBA, 2020 U.S. Dist. LEXIS 141498, at *6-7 (D. Conn. Aug. 7, 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d. Cir. 2000)). Plaintiffs here have not done so. Rather, Plaintiffs baldly assert that "it does not take leaps of logic to infer" that the moving States' Attorneys *could* be responsible for prosecuting the Plaintiffs, should they choose to violate the assault weapons ban in a judicial district other than that in which they reside. ECF # 34, Pg. 9-10.[1] But any factual allegations establishing that the moving States' Attorneys would actually be responsible for prosecuting Plaintiffs are absent from the Complaint.

And Plaintiffs may not "amend [their] Complaint by asserting new allegations in [their] objection to the motion to dismiss," like Plaintiffs attempt to do here by urging the Court to assume the Plaintiffs will violate the assault weapons ban in judicial districts other than those in which they reside. *Thomas v. Brasher-Cunningham*, No. 3:19-cv-1981 (VAB), 2020 U.S. Dist. LEXIS 132362, at *28 (D. Conn. July 27, 2020); *see also Aldrich v. Town of Bloomfield*, No. 3:17-cv-00581 (VLB), 2018 U.S. Dist. LEXIS 28451, at *4 (D. Conn. Feb. 22, 2018) ("Plaintiff cannot amend her complaint with assertions contained in an objection to a motion to dismiss."); *Miley v. Hous. Auth. of City of Bridgeport*, 926 F. Supp. 2d 420, 432 (D. Conn. 2013) ("It is well established that plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to [d]efendants' motion to dismiss."). Nor can Plaintiffs require this Court to make inferences upon allegations that do not exist to avoid obvious jurisdictional defects in their complaint.

---

[1] Plaintiffs' also mention carrying "others" throughout the state, but again, such claims are not in the Complaint, are not properly before this Court, and would not provide any basis for jurisdiction because "others" are not banned under § 53-202a-c. ECF # 36.

"The Second Circuit has repeatedly observed that, in contrast to a motion to dismiss for failure to state a claim, 'when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Rodriguez v. Winski*, 444 F. Supp. 3d 488, 494 (S.D.N.Y. 2020) (quoting *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). This Court should not read absent factual allegations into the Complaint and compound that error by drawing inferences from absent allegations, particularly here where Plaintiffs bear the burden of establishing jurisdiction and have failed to do so.

Ultimately, Plaintiffs have made no allegations tying enforcement of the assault weapons ban to States' Attorneys Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Watson, Gedansky, Platt and Mahoney. The claims against them are barred and should be dismissed.

### III. Conclusion

This Court should grant the Defendants' motion to dismiss, and dismiss the claims against Defendants Lamont, Griffin, Kelley, Applegate, Corradino, Shannon, Gailor, Ferencek, Watson, Gedansky, Platt, and Mahoney accordingly.

DEFENDANTS
Lamont et al.

WILLIAM TONG
ATTORNEY GENERAL

/s/ *Janelle R. Medeiros*
Janelle R. Medeiros
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct30514
E-Mail: janelle.medeiros@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5590

James M. Belforti
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591
Federal Bar No. ct30449
E-Mail: james.belforti@ct.gov

## **CERTIFICATION**

I hereby certify that on March 15, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Janelle R. Medeiros*
Janelle R. Medeiros
Assistant Attorney General