UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDDIE GRANT, JR., *et al* | : | CIVIL NO. 3:22-CV-01223 (JBA) |
|    *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| LAMONT, *et al.,* | : | |
|    *Defendants*. | : | JUNE 14, 2023 |

## DEFENDANTS' MOTION FOR ORDER

Plaintiffs bring a facial challenge to Connecticut's assault weapons ban, claiming it violates the Second Amendment to the United States Constitution. (Doc. #13 at 30.) On February 3, 2023, Plaintiffs filed a motion seeking "an emergency, *ex parte*, Temporary Restraining Order ordering the Defendants and their subordinates to refrain from enforcing Connecticut's 'assault weapon' ban in regard to any firearm previously designated as an 'other,' and a Preliminary Injunction, upon an expedited opportunity for Defendants to be heard, enjoining the Defendants and their subordinates from enforcing Connecticut's 'assault weapon' ban." (Doc. #28-1 at 3.) On March 10, 2023, pursuant to this Court's order of March 3, 2023, Defendants responded specifically to Plaintiff's Motion for a TRO, arguing this Court lacked jurisdiction over such a claim. (Doc. #36.)

On June 1, 2023, this Court dismissed Plaintiffs' Motion for TRO on justiciability grounds, finding Plaintiffs did not have standing to seek a TRO regarding "others"—firearms that are neither "rifles," "pistols," or "shotguns" for purposes of Connecticut law—because Plaintiffs did not face a credible threat of prosecution for their alleged possession of "others," notwithstanding the ATF rule change of January 2023. (Doc. #41.) As a result, Defendants are now scheduled to respond to Plaintiffs' Motion for a Preliminary Injunction by June 22, 2023. (Doc. #41.)

1

On June 6, 2023, Governor Lamont signed Public Act 23-53, which *inter alia*, amended the definition of "assault weapon" in Conn. Gen. Stat. § 53-202a. Specifically, the statute now appears to include the "others" Plaintiffs allege they currently possess. In light of this recent legislative change, the parties have conferred and Plaintiffs represent that they will seek to amend their Amended Complaint. (Doc. #13.) Therefore, Defendants respectfully request the following:

1. that Plaintiffs be permitted until Tuesday, June 20, 2023 to file their Second Amended Complaint.[1]

2. that the current briefing schedule, including Defendants' deadline for responding to the PI and Plaintiffs' deadline to reply to the Defendants' response to the PI, be postponed indefinitely, to be rescheduled pursuant to a scheduling conference to be held after Plaintiffs file their Second Amended Complaint.

3. that a scheduling conference with the Court be held after Plaintiffs file their Second Amended Complaint at which time a new scheduling order can be put in place by the Court.

The undersigned contacted Plaintiffs' counsel for their position on the aforementioned three requests. Plaintiffs consent to part one of the requested relief, but object to parts two and three.

Defendants submit there is good cause to grant this Motion. Since Plaintiffs now seek to amend the operative complaint, it will be a more efficient use of time and resources to allow Plaintiffs the opportunity to file their Second Amended Complaint and then discuss an efficient scheduling order in light of that complaint. As it stands now, there is both a Motion to Dismiss (Doc. #29) and a Motion for Preliminary Injunction (Doc. #28) pending before the Court. It appears that both of these Motions could become moot after Plaintiffs file their Second Amended Complaint. It does not make sense to have the Court or the parties continue to expend time and

---

[1] Defendants specifically reserve the right to object to or move to dismiss any claims included in the Second Amended Complaint pursuant to Fed. R. Civ. P. 12.

resources addressing motions that may be rendered moot depending on the nature of Plaintiffs' new allegations. However, the new allegations may result in the need for motions practice on different issues. Therefore, the parties submit it makes more sense to discuss scheduling once Plaintiffs new allegations are finalized. A different approach may lead to unnecessary motions practice or further requests for modification of the schedule that could otherwise be avoided. Further, a scheduling conference will allow the parties to discuss the new allegations with the Court prior to the filing of a potential motion to dismiss. Such a conference could therefore also serve as a prefiling conference, which is required by this Court's chambers practices. Defendants submit that this would be the most efficient path forward in light of Plaintiffs' plans to amend the operative complaint.

                              DEFENDANTS
                              Lamont et al.

                              WILLIAM TONG
                              ATTORNEY GENERAL

BY: _____
                              James M. Belforti
                              Assistant Attorney General
                              110 Sherman Street
                              Hartford, CT  06105
                              Tel:  (860) 808-5450
                              Fax:  (860) 808-5591
                              Federal Bar No. ct30449
                              E-Mail:  james.belforti@ct.gov

By: *Janelle R. Medeiros*
      Janelle R. Medeiros
      Assistant Attorney General
      Federal Bar No. ct30514
      110 Sherman Street
      Hartford, CT  06105
      Telephone: (860) 808-5450

                        Fax No.: (860) 808-5591
                        E-Mail:  Janelle.medeiros@ct.gov

## **CERTIFICATION**

I hereby certify that on June 14, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                        _____
                        James M. Belforti
                        Assistant Attorney General