UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDDIE GRANT, JR., *et al* | : | CIVIL NO. 3:22-CV-01223 (JBA) |
|    *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| LAMONT, *et al.,* | : | |
|    *Defendants*. | : | JUNE 21, 2023 |

**DEFENDANTS' EMERGENCY MOTION FOR EXTENSION OF TIME**

Defendants move for a two-week extension of their deadline—from June 22, 2023 until July 6, 2023—to respond to Plaintiffs' Motion for Preliminary Injunction.  Defendants did not file this Motion three business days in advance of the deadline in compliance with Local Rule 7(b)(3) because the undersigned believed Defendants' Motion for Order (Doc. #42) filed last week would ultimately address the issue.  However, for the reasons articulated *infra*, the circumstances have changed and now require Defendants' to file this Motion.

Plaintiffs bring a facial challenge to Connecticut's assault weapons ban, claiming it violates the Second Amendment to the United States Constitution.  (Doc. #13 at 30.)  On February 3, 2023, Plaintiffs filed a motion seeking "an emergency, *ex parte*, Temporary Restraining Order ordering the Defendants and their subordinates to refrain from enforcing Connecticut's 'assault weapon' ban in regard to any firearm previously designated as an 'other,' and a Preliminary Injunction, upon an expedited opportunity for Defendants to be heard, enjoining the Defendants and their subordinates from enforcing Connecticut's 'assault weapon' ban." (Doc. #28-1 at 3.)  On March 10, 2023, pursuant to this Court's order of March 3, 2023, Defendants responded specifically to Plaintiff's Motion for a TRO, arguing this Court lacked jurisdiction over such a claim.  (Doc. #36.)

On June 1, 2023, this Court dismissed Plaintiffs' Motion for TRO on justiciability grounds, finding Plaintiffs did not have standing to seek a TRO regarding "others"—firearms that are neither "rifles," "pistols," or "shotguns" for purposes of Connecticut law—because Plaintiffs did not face a credible threat of prosecution for their alleged possession of "others," notwithstanding the ATF rule change of January 2023. (Doc. #41.) As a result, Defendants are now scheduled to respond to Plaintiffs' Motion for a Preliminary Injunction by June 22, 2023. (Doc. #41.)

On June 6, 2023, Governor Lamont signed Public Act 23-53, which *inter alia*, amended the definition of "assault weapon" in Conn. Gen. Stat. § 53-202a. Specifically, the statute now appears to include the "others" Plaintiffs allege they currently possess. On that same day, Defendants' counsel contacted Plaintiffs' counsel via email and inquired as to whether Plaintiffs intended to amend their complaint in light of the new statute. Plaintiffs' counsel responded on June 12, 2023, stating that they intended to modify both the complaint and the motion for preliminary injunction and planned to do so "within a week." On June 13, 2023, Plaintiffs' counsel communicated to Defendants' counsel that they intended to amend both the complaint and motion for preliminary injunction by Tuesday, June 20, 2023. That same day Defendants' counsel sent Plaintiffs' counsel a copy of Defendants' Motion for Order (Doc. #42) to determine if Plaintiffs' consented. Plaintiffs' counsel responded on June 14, 2023 that they did not consent to Defendants' request for postponement of the briefing schedule and rescheduling at a scheduling conference in light of Plaintiffs' representation that they would seek to amend their complaint. Defendants' noted those objections in its motion and filed it that same day. (Doc. #142.) Plaintiffs did not file anything on Tuesday, June 20, 2023. In light of this, Defendants' counsel contacted Plaintiffs' counsel via email earlier today—June 21, 2023—asking if they still intended to amend the complaint and if not, whether they would consent to an extension of Defendants' response deadline

by two weeks. Plaintiffs' counsel have not yet responded to that email. Therefore, despite diligent effort on the part of Defendants' counsel, Defendants cannot ascertain Plaintiffs' position on this Motion.

Defendants submit there is good cause to grant this Motion. Defendants' counsel reached out to Plaintiffs' counsel in an effort to cooperatively and efficiently address the potential issues in this litigation while also avoiding needless or repetitive briefing. Plaintiffs informed Defendants that they intended to amend their complaint by a specific date. Plaintiffs did not do so, nor did they ever inform Defendants that they need more time or that their plans had changed despite the fact that Defendants' counsel again contacted them in an attempt to ascertain their plans. Defendants' counsel relied on Plaintiffs' counsels' representation to their detriment. Specifically, Defendants' counsel informed their experts that they would await new allegations before having them submit their declarations in an effort to avoid needless expense addressing issues and evidence that may have changed or vanished because of an amended complaint. Further, Defendants' counsel adjusted their schedules due to their reliance on Plaintiffs' counsels' representation. These circumstances have made it impossible for Defendants' to adequately respond to Plaintiffs' motion for preliminary injunction by tomorrow. In light of this change in circumstances, Defendants submit that a brief extension of two weeks is not unreasonable and will allow these complex issues to be fully briefed before this Court. Defendants should not be placed at a disadvantage for seeking to cooperate with Plaintiffs by trusting Plaintiffs' counsels' representations. Defendants also respectfully request expedited consideration of this Motion pursuant to Local Rule 7(a)(6) because of the circumstances described *supra* and because the current deadline is June 22, 2023.

DEFENDANTS
Lamont et al.

WILLIAM TONG
ATTORNEY GENERAL

BY: _____
James M. Belforti
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Tel:  (860) 808-5450
Fax:  (860) 808-5591
Federal Bar No. ct30449
E-Mail:  james.belforti@ct.gov

By: *Janelle R. Medeiros*
Janelle R. Medeiros
Assistant Attorney General
Federal Bar No. ct30514
110 Sherman Street
Hartford, CT  06105
Telephone: (860) 808-5450
Fax No.: (860) 808-5591
E-Mail:  Janelle.medeiros@ct.gov

## CERTIFICATION

I hereby certify that on June 21, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____
James M. Belforti
Assistant Attorney General