UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRANT, ET. AL<br>*Plaintiff*, | : | CIVIL NO. 3:22-CV-01223(JBA) |
| | : | |
| v. | : | |
| | : | |
| NED LAMONT, ET AL.,<br>*Defendant.* | : | JULY 26, 2023 |

## MOTION TO FILE PORTIONS OF EXHIBITS I, J, K, AND PORTIONS OF THE OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION UNDER SEAL

Pursuant to Local Rule 5(e)3 of the United States District Court for the District of Connecticut, the Defendants request leave of the Court to manually file under seal unredacted portions of Exhibit I, J, and K to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction as well as portions of the Opposition itself.

On July 10, 2023, the undersigned took the depositions of the three individual Plaintiffs in this case. On July 21, 2023, Plaintiffs' counsel designated several portions of the depositions transcripts of Plaintiffs as "Designated Material." Specially, Plaintiffs' counsel designated portions of the depositions transcripts of Plaintiffs Grant and Stiefel as "CONFIDENTIAL," including, *inter alia*, the number of firearms they currently own and how many of each type of firearm they currently own. As for Plaintiff Hamilton, Plaintiffs' counsel designated large portions of her testimony as "CONFIDENTIAL-ATTORNEY'S EYES ONLY," most of which related to questions Defense counsel asked about paragraphs 7 of both of her Declarations filed in this case. (Doc. #28-1 at 11; Doc. #28-6 at ¶7; Doc. #51-1 at 11; Doc. #51-6 at ¶7.)

Defendants disagree with and object to these designations. The undersigned have scheduled a meeting with Plaintiffs' counsel, as is required by paragraph 12 of the Standing

Protective Order, to "attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter."

The Court's Standing Protective Order (Doc. #8) allows a party producing "information, documents and other materials" to be "designated by the producing party" as "designated material" under the Order, meaning the party may designate material as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." (Doc. #8 at ¶¶2-4.) The Order further states "[i]f it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." (Doc. #8 at ¶14.)

Local Rule 5(e)(3) states that sealing is authorized for "clear and compelling reasons" and "narrowly tailored to serve those reasons." "As this Court has previously held, and as is provided by Local Rule 5(e)(3), documents may not be sealed merely on consent of the parties." *United States SEC v. Ahmed*, No. No. 3:15cv675 (JBA), 2020 U.S. Dist. LEXIS 251668, *13-14 (D. Conn. Jul. 10, 2020). "The Court's Standing Protective Order explains that documents filed with the Court are 'public documents' which will be sealed not automatically but 'only upon motion and in accordance with applicable law.'" *Id*. "Any order to seal issued by the Court must include 'particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to support those reasons.'" *Id*. (quoting D. Conn. L. Civ. R. 5(e)3). "For a document to be properly sealed, the Court must determine the weight of the presumption of public access to that document and balance against it any competing considerations, such as the privacy interests of those resisting disclosure." *Id*. (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.").

Defendants disagree with and object to the designations made by Plaintiffs' counsel in this case. Defendants do not believe such information is properly designated under the standing order and do not concede that such information should be sealed pursuant to Local Rule 5(e)(3). Because such designations were provided to undersigned counsel on July 21, 2023, Defendants cannot, however, accomplish all of the steps necessary to remedy, alter, or remove these designations pursuant to paragraph 12 of the Standing Protective Order prior to the Defendants' deadline to respond to Plaintiffs' Motion for Preliminary Injunction as articulated in this Court's scheduling order of June 30, 2023. (Doc. #50.) Therefore, Defendants respectfully submit this Motion in an effort to comply both with the Standing Protective Order and Local Rule 5. Defendants also submit redacted versions of the exhibits and brief.

Defendants respectfully request that the unredacted portions of Exhibits H, J, and K, along with the portions of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction be filed under seal.

        DEFENDANTS
        Lamont, et. al.

        WILLIAM TONG
        ATTORNEY GENERAL

BY: _____
        James M. Belforti
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Tel:  (860) 808-5450
        Fax:  (860) 808-5591
        Federal Bar No. ct30449
        E-Mail:  james.belforti@ct.gov

## CERTIFICATION

I hereby certify that on July 26, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
James M. Belforti
Assistant Attorney General