## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDDIE GRANT, JR., JENNIFER HAMILTON; MICHAEL STIEFEL; CONNECTICUT CITIZENS DEFENSE LEAGUE, INC.; AND SECOND AMENDMENT FOUNDATION, INC., | CIV. NO. 3:22-cv-01223-JBA<br><br>September 14, 2023 |
| Plaintiffs, | |
| v. | |
| EDWARD M. LAMONT, JR., in his official capacity; JAMES ROVELLA, in his official capacity; PATRICK GRIFFIN, in his official capacity; MARGARET E. KELLY, in her official capacity; DAVID R. APPLEGATE, in his official capacity; JOSEPH T. CORRADINO, in his official capacity; SHARMESE L. WALCOTT, in her official capacity; DAVID R. SHANNON, in his official capacity; MICHAEL A. GAILOR, in his official capacity; CHRISTIAN WATSON, in his official capacity; JOHN P. DOYLE, JR., in his official capacity, PAUL J. NARDUCCI, in his official capacity; PAUL J. FERENCEK, in his official capacity; MATTHEW C. GEDANSKY, in his official capacity, MAUREEN PLATT, in her official capacity; ANNE F. MAHONEY, in her official capacity, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER LIMITING THE DISCLOSURE OF SENSITIVE DEPOSITION TESTIMONY** |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(c) and D. Conn. Local Rule 7, the Plaintiff – Jennifer Hamilton – submits this memorandum of law in support of her motion for a protective order setting confidentiality protections for a specific portion of her deposition testimony, which contains non-exhaustive details of domestic violence she suffered. In sum, she requests that the Court order the specified portion of her deposition transcript be limited to "attorneys'

eyes only" in accordance with the procedures established by the Standing Protective Order issued in this case. Dkt. 8. She also requests that the specified portion of her deposition transcript remain sealed as to the public.

<u>**RELEVANT FACTUAL BACKGROUND**</u>

On July 10, 2023, the Defendants took the deposition of the Plaintiff – Jennifer Hamilton – by video conference per the parties' stipulation. During that deposition, counsel for the Defendants asked Hamilton to provide details of the domestic violence she has suffered in her life. Hamilton's counsel immediately intervened to pause the deposition briefly on the basis that Hamilton would likely make an "Attorneys' Eyes Only" designation of any testimony she provided on that subject under the standing protective order. Hamilton's counsel proposed a five-minute recess to ask the other Plaintiffs to exit the deposition conference room, to which Defendants' counsel agreed.

When the parties reconvened, Hamilton's counsel stated for the record that the only people in the room were the undersigned and Hamilton herself. Defendants' counsel confirmed that only Attorneys Belforti and Medeiros were present on their end. The deposition then continued, and Defendants' counsel confirmed when she had concluded her questioning involving the incidents of domestic violence that Hamilton suffered. Only then did the undersigned permit the other Plaintiffs back into the deposition room.

Per the agreement that the parties subsequently came to, the undersigned designated the portion of Hamilton's deposition that concerned her domestic abuse as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the standing protective order on July 21, 2023. The parties subsequently had a meet-and-confer regarding this designation

and other discovery issues on July 27, 2023. At that meet-and-confer, the undersigned acknowledged that the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation under the standing protective order only applied to commercial or competitive trade secrets, but, in absence of a stipulation to keep the designated portion of Hamilton's deposition "CONFIDENTIAL – ATTORNEY'S EYES ONLY," counsel agreed that they would maintain the designation until the undersigned could seek a protective order. The parties subsequently agreed to work together to try to further resolve the differences or ascertain if they could agree on a protective order.

## LEGAL STANDARD

Fed. R. Civ. P. 26(c) grants district courts broad discretion to issue, for good cause shown, orders to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *Dove v. Atl. Capital Copr.*, 963 F.2d 15, 19 (2d Cir. 1992). The moving party, however, must show good cause for the issuance of the protective order. *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987). Courts typically require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" to establish good cause. *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354 (D.Conn. 2006) (internal quotation marks and citations omitted). If the moving party establishes good cause for protection, the Court may properly balance countervailing interests with the reasons establishing good cause in deciding whether to grant the order. *Id.* at 356.

## ARGUMENT

At the outset, Hamilton notes that she does not seek to limit the Defendants' ability to conduct discovery at this time. While the parties may revisit the issue of just how far the

Defendants may probe into the details of the domestic abuse she suffered, the parties have agreed to reserve that issue for a later stage in this case. What Hamilton seeks is a protective order that ensures the testimony regarding the details of the domestic abuse that the Defendants have already elicited from her remains protected under an attorney's eyes' only designation.

Prior to her deposition, Hamilton instructed the undersigned to take whatever steps they could to keep any testimony regarding her abuse confidential and out of the public eye. Out of respect for her request, the undersigned did not discuss these matters with Hamilton in front of the other plaintiffs in this action, and Hamilton herself has not disclosed the details to anyone except the undersigned and counsel for the Defendants during her deposition. Hamilton also does not discuss the details regarding these matters with anyone except counsel and other professionals with whom she enjoys a confidentiality privilege.

Talking about these matters was extremely difficult for Hamilton during her deposition, and she was only able to testify as to those matters because of the steps the undersigned took to preserve confidentiality. She suffered profound embarrassment during her questioning on those matters, and she was forced to make use of the time allotted to her in the breaks before and after her testimony on those matters to compose herself in order to proceed. Thus, while Hamilton does not shy away from admitting she is a victim of domestic abuse, she experiences considerable embarrassment from letting others learn of the details, and the possibility of others learning the details is a highly emotional and traumatizing experience for her.

Hamilton's motion for a protective order aligns with confidentiality protections provided to domestic violence victims generally in Connecticut. For example, Conn. Gen. Stat.

4

§ 54-86e provides for the confidentiality of a domestic violence victim's name and address in judicial proceedings. Likewise, the federal Violence Against Women Act provides confidentiality protections for domestic violence victims addresses through regulations that the United States Postal Service enacts. *See* 42 U.S.C. § 12321.

Moreover, the Second Circuit has also held that victims of abuse by military personnel or other detainees at the infamous Guantanamo Bay detention center had a privacy interest in "both keeping the personal facts of their abuse from the public eye and in avoiding disclosure of their identities in order to prevent embarrassment…" in a Freedom of Information Act (FOIA) case. *Associated Press v. United States Dept. of Defense*, 554 F.3d 274, 287 (2d Cir. 2009). Hamilton is no different. Although she has availed herself of the judicial process and stated that her past domestic abuse is one of the reasons why she seeks certain types of firearms to defend herself, she did not go into details regarding the incidents that underly her claim of domestic abuse. Thus, Hamilton has retained her privacy interests in that information, and her privacy interest is at least equal to the Guantanamo Bay detainees who the Second Circuit held had a privacy interest in keeping the personal facts of their abuse from the public eye. *Id.*

Other courts have taken a similar view. The Ninth Circuit held, in a FOIA case, that private individuals have nontrivial privacy interests in allegations of domestic abuse. *Burton v. Wolf*, 803 Fed.Appx. 120, 121 (9th Cir. 2020) (making its finding under the "possible embarrassment, harassment, or the risk of mistreatment" standard contained in the federal FOIA). The United States District Court for the District of Massachusetts held, in a white collar criminal case, that personal privacy interests in letters containing detailed accounts of domestic violence attached to a defendant's sentencing memorandum outweighed the

presumption of public access because revealing the details courted misuse to "gratify private spite, promote public scandal, or fuel personal vendettas." *United States v. Kravetz*, 948 F.Supp.2d. 89, 94 (D.Mass. 2013).

Hamilton is not asking to prevent the Defendants from using this information or even to prevent the public from learning that she was abused. She is simply asking that the traumatic details of her abuse be disclosed only to those who actually need those details for the purposes of this action. Hamilton's privacy interests clearly outweigh any possible public interest in the details of her domestic abuse. This case presents a facial challenge to certain provisions of Connecticut's "assault weapons" ban. Thus, the primary issues in this case are of legal vintage, not a fact-intense inquiry. Revealing the details of Hamilton's domestic abuse to anyone other than counsel in this case serves no purpose other than satiate an ill-placed and coarse curiosity regarding domestic violence. It does nothing to further enlighten anyone regarding this case or why Hamilton is bringing it. Instead, it revictimizes Hamilton by forcing her to relive her trauma and endure the embarrassing publicizing of events that she has done her best to forget and heal from.

The Court should spare her that embarrassment and retraumatizing.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Hamilton's motion for a protective order.

6

Dated: September 14, 2023

Respectfully submitted,

_____//s//__Doug Dubitsky_____
Doug Dubitsky, Esq.
(ct21558)
LAW OFFICES OF DOUG DUBITSKY
P.O. Box 70
North Windham, CT 06256
Telephone: 860.933.9495
Facsimile: 866.477.1120
Email: doug@lawyer.com

_____//s//__Craig C. Fishbein_____
Craig C. Fishbein, Esq.
(ct25142)
FISHBEIN LAW FIRM, LLC
100 South Main Street
P.O. Box 363
Wallingford, Connecticut 06492
Telephone: 203.265.2895
Facsimile: 203.294.1396
E-mail: ccf@fishbeinlaw.com

_____//s//__Cameron L. Atkinson_____
Cameron L. Atkinson, Esq.
(ct31219)
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Facsimile: 203.672.6551
Email: catkinson@atkinsonlawfirm.com

*Attorneys for the Plaintiff*

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties and counsel of record who have appeared by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Cameron L. Atkinson /s/