## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| EDDIE GRANT, ET AL | : | |
| | : | |
| plaintiffs | : | CASE NO. 3:22-CV-01223 (JBA) |
| | : | |
| v. | : | |
| | : | October 20, 2023 |
| LAMONT, ET AL | : | |
| | : | |
| defendants | : | |
| | : | |

## RULING ON DEFENDANT'S MOTION FOR RELIEF FROM PLAINTIFFS' CONFIDENTIALITY DESIGNATIONS AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND TO SEAL

The plaintiffs in this action, Eddie Grant Jr., Jennifer Hamilton, Michael Stiefel, Connecticut Citizens Defense League, Inc., and Second Amendment Foundation, Inc. ("plaintiffs") filed a motion for a preliminary injunction.  (Dkt. 51).  After plaintiffs Stiefel, Grant, and Hamilton were deposed, plaintiffs

designated portions of their depositions as either
"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under
the terms of the protective order.  (Dkt. 71-1 at 2-3).
Defendants disagreed with the plaintiffs' designations but filed
redacted versions of their opposition and attached exhibits, as
well as a motion to seal the unredacted versions.  (Dkts. 54-
59).  Defendants then filed a motion for relief from the
plaintiffs' confidentiality designations.  (Dkt. 64).
Plaintiffs oppose this motion and have filed a separate motion
for a protective order to designate specified portions of
Plaintiff Hamilton's deposition as "attorney's eyes only," and
seal those portions as to the public. (Dkt. 71 at 2).

For the following reasons, defendants' motion for relief
from plaintiffs' confidentiality designations is GRANTED and
plaintiffs' motion for a protective order and to seal portions
of Hamilton's deposition testimony is DENIED.

**I.   A showing of good cause is insufficient to support
modification of the Standing Protective Order or the
issuance of a new protective order because the
depositions at issue are judicial documents.**

First, the Court considers plaintiffs' motion for a protective
order.  Plaintiffs request an order directing that specified
portions of Hamilton's deposition transcript be limited to

"attorney's eyes only."  (Dkt. 71 at 2).  The request
contemplates this designation be "in accordance with the
procedures established by the Standing Protective Order issued
in this case."  Id.  The Honorable Jeffrey A. Meyer's Standing
Protective Order in this case creates two designations:
"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  (Dkt.
8 at 1).  The Protective Order defines "CONFIDENTIAL" as
information that the disclosing party reasonably and in good
faith believes contains or comprises "(a) trade secrets, (b)
proprietary business information, or (c) information implicating
an individual's legitimate expectation of privacy."  Id.  In
contrast, "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is defined as
information the disclosing party reasonably and in good faith
believes is "so highly sensitive that its disclosure to a
competitor could result in significant competitive or commercial
disadvantage to the designating party."  Id.

   Plaintiffs acknowledge that the "attorney's eyes only"
restriction applies only to commercial or competitive trade
secrets and, under the terms of the Protective Order, does not
apply to portions of Plaintiff Hamilton's deposition testimony
concerning domestic violence in her past.  (Dkt. 71-1 at 3).  As
such, the Court interprets plaintiffs' request to apply the
attorney's eyes-only restriction to Hamilton's deposition

testimony as a request for modification of the protective order or the issuance of a new protective order.

The Second Circuit Court of Appeals has noted that there is a strong presumption against modifying an existing protective order.  To overcome this presumption, the party seeking modification must show extraordinary circumstances or compelling need.  SEC v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 2011). The strong presumption against modification arises from the commonsense unfairness of courts "modify[ing] protective orders which assure confidentiality and upon which the parties have reasonably relied."  Id. at 230.  Where a protective order has not engendered reliance, the presumption against modification is weaker and the decision whether to modify a protective order is left to the sound discretion of the Court. Order granting Motion to Modify the Standing Protective Order, Rapp v. Esper, No. 3:20-cv-00272 (KAD) (Dkt. 43) at 5-6 (D. Conn. Mar. 7, 2022). Here, plaintiffs cannot reasonably argue that they have relied on the protective order because Hamilton's deposition testimony at issue plainly does not fall within the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation under its terms.

Where there is no reliance, the strong presumption against modification does not arise and the decision to modify is left to the discretion of the court.  Under Fed. R. Civ. P. 26(c),

district courts are granted broad discretion regarding whether to issue a protective order.  Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006).  The court may, for good cause shown, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Where a document is "not judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order."  Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 621 F. Supp. 2d 55, 62 (S.D.N.Y. 2007).  Good cause is a relatively low bar because the universe of potential discovery is vast and intentionally overbroad.  Haidon v. Town of Bloomfield, 552 F. Supp. 3d 265, 270 (D. Conn. 2021).  Accordingly, many materials obtained in discovery will be irrelevant to the action and need not be publicly disseminated.  Id. at 270-71.

   However, once a record becomes a "judicial document," it becomes subject to a presumption of public access and the party seeking to remove it from public view must make a showing as to why the document should be sealed.  Id. at 268-69.  As discussed in more detail below, the Court finds that the depositions of Grant, Stiefel, and Hamilton are "judicial documents." Therefore, a showing of good cause is insufficient to establish that the contested portions of their depositions should be

protected from public inspection.  Instead, plaintiffs must show why the designated sections of the transcripts should be sealed.

**II.   Sealing portions of plaintiffs' depositions is unwarranted because the asserted privacy interests do not overcome the strong presumption of access to judicial documents.**

A strong presumption against sealing court records arises from the public's right to access court records and proceedings, and the presumption is "rooted in both the common law and the First Amendment." Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:11-cv-1209 (CSH), 2013 WL 4012772, at *2 (D. Conn. Aug. 5, 2013) (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 597-98 (1978)).  However, this right of access is not absolute, and can be overcome by countervailing considerations such as the danger of impairing law enforcement and judicial efficiency, or the privacy interests of those resisting disclosure.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (internal citations omitted).

The Second Circuit has established a three-part inquiry to determine whether the strong presumption against sealing court records has been overcome by other considerations.  First, "as a threshold question, the court determines whether the record at issue is a 'judicial document'-a document to which the

presumption of public access attaches." Olson v. Major League Baseball, 29 F.4th 59, 87 (2d Cir. 2022) (quoting Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020)) (internal quotation marks omitted). Second, if the court finds that the record at issue is a judicial document, the court must determine the weight of the presumption that attaches. Id. This weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")). Third, after the weight of the presumption has been determined, the court must balance "competing considerations against it." Amodeo II, 71 F.3d at 1050. "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). The Second Circuit has emphasized that a district court must show that there "really is an extraordinary circumstance or compelling need" to seal court documents. Bacewicz v. Molecular Neuroimaging, LLC, No. 3:17-CV-85-MPS, 2019 WL 10630387, at *1 (D. Conn. Nov. 6, 2019) (quoting In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (citation omitted)).

> ### A. The deposition transcripts at issue constitute judicial documents.

In the first step of the inquiry, a "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (quoting Lugosch, 435 F.3d at 119).  A document is relevant to the performance of the judicial function if it would "reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision."  Brown, 929 F.3d at 49 (emphasis in original).  While plaintiffs acknowledge at the outset that their deposition transcripts are judicial documents because they were submitted for purposes of influencing the court's decision regarding plaintiffs' motion for a preliminary injunction (Dkt. 70 at 5), they later contend that the contested portions of Grant, Stiefel, and Hamilton's depositions are not judicial documents because the "pages containing that testimony have no reasonable tendency to influence the [c]ourt's decision on the merits here" (Dkt. 70 at 8) and do not "impact[] the [c]ourt's analysis of facial constitutionality" (Dkt. 70 at 10).

The depositions of Plaintiffs Grant, Stiefel, and Hamilton are clearly judicial documents.  Courts in the Second Circuit have found that documents submitted "in connection with, and relevant to" motions which call upon the court to exercise its Article III powers "are subject to at least some [common law] presumption of public access." U.S. v. Warburg Pincus LLC, No. 2:21-mc-178, 2022 WL 2128669, at *9 (D. Vt. June 14, 2022) (alteration in original) (quoting Brown, 929 F.3d at 50). *See also* Conservation L. Found., Inc. v. Shell Oil Co., No. 3:21-CV-00933 (JAM), 2023 WL 5567614 (D. Conn. May 16, 2023) (finding that exhibits attached to a motion to compel constituted judicial documents entitled to a presumption of access).[1]  Where documents are submitted to the court with the tendency and intention to assist in the performance of its Article III duties, the documents constitute judicial documents regardless of whether they are actually relied upon in the performance of those duties. *See* Brown, 929 F.3d at 50 (finding legal error where District Court found materials did not constitute judicial documents because the Court did not rely on them in adjudicating a motion).  Here, the depositions of Grant, Stiefel, and Hamilton were submitted as exhibits in connection with

---

[1] In contrast and as discussed above, no presumption of access arises where documents "play no role in the performance of Article III functions, such as those passed between the parties in discovery." SEC v. TheStreet.com, 273 F.3d 222, 232 (2d Cir. 2001) (quotation marks omitted).

defendants' opposition to plaintiffs' motion for a preliminary
injunction.  *See* <u>De Kafati v. Kafati Kafati</u>, No. 22-CV-9906
(VSB), 2022 WL 17552457, at *1 (S.D.N.Y. Dec. 9, 2022)
("Documents and materials provided to aid in the adjudication of
a motion for a temporary restraining order or preliminary
injunction are judicial documents entitled to the highest
presumption of access.").  The issuance of a preliminary
injunction is an exercise of the court's Article III powers, and
therefore submissions to the court to aid in its adjudication of
a motion for preliminary injunction are clearly judicial
documents.

### B. The deposition transcripts are subject to a strong presumption of public access.

The Court must next determine the weight of the presumption of
public access to the judicial documents.  The "weight to be
given the presumption of access must be governed by the role of
the material at issue in the exercise of Article III judicial
power and the resultant value of such information to those
monitoring the federal courts."  <u>Olson</u>, 29 F.4th at 88–89
(quoting <u>Amodeo II</u>, 71 F.3d at 1049).  The Second Circuit has
found that the presumption of public access "exists along a
continuum" and "[t]he strongest presumption attaches where the
documents 'determin[e] litigants' substantive rights.'"  <u>Id.</u> at

89 (quoting <u>Amodeo II</u>, 71 F.3d at 1049).  Accordingly, the strongest presumption attaches to materials filed "in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."  <u>Id.</u> at 90.

In their motion, plaintiffs argue that the portions of deposition testimony at issue are entitled to only a weak presumption of public access because the number of firearms owned by Plaintiffs Grant and Stiefel is not relevant to a facial challenge to Connecticut statutes regulating assault weapons under the Supreme Court's ruling in <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022).  Plaintiffs contend that this means the depositions that were filed in opposition to their motion for a preliminary injunction played "only a negligible role in the performance of Article III duties."  <u>Olson</u>, at 89.  The Court disagrees with plaintiffs' characterization of the second step of the sealing inquiry.  At this step, the court considers the role a judicial document plays in the litigation, not whether a particular fact or statement contained in that document is legally relevant to the ultimate question posed by the lawsuit.  "[T]he Second Circuit [has] stressed that documents should not 'receive different weights of presumption based on the extent to which they were relied upon in resolving the motion.'"  <u>Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 621 F.

Supp. 2d 55, 64 (S.D.N.Y. 2007) (quoting Lugosch, 435 F.3d at
123).  Courts in the Second Circuit do not generally parse
documents filed in connection with dispositive motions to
determine which sections of the documents are legally relevant
before assigning them presumptive weight—instead, the fact that
the documents have been filed in connection with a dispositive
motion is sufficient to give rise to a strong presumption of
public access.  Utica Mut. Ins. Co. v. INA Reinsurance Co., No.
612CV194DNHTWD, 2012 WL 13028279, at *4 (N.D.N.Y. June 12, 2012)
(finding that the documents at issue carried a presumption of
public access because they were *intended* to be considered in
deciding the motion).

   Therefore, at the second step the Court does not afford great
weight to whether the portions of the plaintiffs' depositions
are legally relevant to the ultimate question of
constitutionality.  Instead, the Court will evaluate the
strength of the presumption of public access that attaches to
documents submitted in connection with a motion for a
preliminary injunction.  As discussed above, where a document is
submitted in connection with an adjudication that would
determine the litigants' substantive rights, the presumption of
public access is "at its zenith."  Bernstein, 814 F.3d at 142.
And "[a]lthough a motion for a preliminary injunction is
nondispositive, such motions typically . . . require a court to

address the merits of a case." Alcon Vision, LLC v. Lens.com,
No. 18-CV-0407 (NG), 2020 WL 3791865, at *5 (E.D.N.Y. July 7,
2020) (finding exhibits submitted in connection with an
opposition to a motion for a preliminary injunction were
entitled to a strong presumption of public access).
Accordingly, several Circuit Courts have applied a strong
presumption of public access to documents filed in connection
with motions for a preliminary injunction. *See* Callahan v.
United Network for Organ Sharing, 17 F.4th 1356, 1363 (11th Cir.
2021) (finding that documents "attached to [a party's]
supplemental brief in support of a preliminary injunction . . .
qualify as judicial records, and they are subject to the common-
law right of access"); Ctr. for Auto Safety v. Chrysler Grp.,
LLC, 809 F.3d 1092, 1099 (9th Cir. 2016) (finding materials
filed in connection with a motion for a preliminary injunction
were entitled to a strong presumption of public access because
"a motion for preliminary injunction frequently requires the
court to address the merits of a case"); Leucadia, Inc. v.
Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993)
(finding that "there is a presumptive right of public access to
pretrial motions of a nondiscovery nature, whether preliminary
or dispositive, and the material filed in connection
therewith"). While the Second Circuit has not specifically
evaluated where along the continuum of presumption of public

access exhibits attached to a motion for preliminary injunction fall, courts within the Second Circuit have consistently found that such records are entitled to a strong presumption of public access. Rodo Inc. v. Guimaraes, No. 22-CV-9736 (VSB), 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (finding that "[d]ocuments and materials provided to aid in the adjudication of a motion for a temporary restraining order or preliminary injunction are judicial documents entitled to the highest presumption of access"); Alcon Vision, LLC v. Lens.com, No. 18-CV-0407 (NG), 2020 WL 3791865, at *5 (E.D.N.Y. July 7, 2020) (finding that exhibits submitted in connection with an opposition to the plaintiff's motion for a preliminary injunction were entitled to a strong presumption of public access); Utica Mut. Ins. Co. v. INA Reinsurance Co., No. 612CV194DNHTWD, 2012 WL 13028279, at *4 (N.D.N.Y. June 12, 2012) ("Motions for a preliminary injunction have been labeled dispositive by district courts in the Second Circuit."). Because plaintiffs' depositions were submitted to the court in connection with defendants' opposition to the motion for a preliminary injunction and were intended to help the court adjudicate that motion, they are subject to a strong presumption of public access.

> *C. The plaintiffs' asserted privacy interests do not*
> *outweigh the strong presumption of public access*
> *attached to the deposition transcripts.*

Having found that the documents at issue are entitled to a strong presumption of public access, the Court will balance that weight against "competing considerations." Amodeo II, 71 F.3d at 1050. "Courts have identified several countervailing considerations that may overcome even strong presumptions of public access." In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023), reconsideration denied, No. 14-MC-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023). These include "privacy interests, public safety, or attorney-client privileged information." U.S. v. Litvak, No. 13-CR-19, 2015 WL 328876, at *2 (D. Conn. Jan. 23, 2015) (quoting Lugosch, 435 F.3d at 120). If the court finds that these countervailing considerations are significant, the court may seal the documents if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Closure will be narrowly tailored when it is "no broader than necessary to serve the interests that require protection." Von Spee v. von Spee, No. 2:05-CV-1488, 2007 WL 9753045, at *1 (D. Conn.

Aug. 23, 2007).  Absent those findings, "a motion to seal cannot be granted."  Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd., No. 21 CIV. 207 (PGG), 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).  The countervailing considerations asserted by Grant and Stiefel are distinct from those asserted by Hamilton and will therefore be analyzed separately.

> i.   *The deposition testimony of Plaintiffs Grant*
>      *and Stiefel concerning how many and which*
>      *types of firearms they own.*

As discussed above, court documents entitled to a strong presumption of public access may only be sealed upon a showing that sealing is "essential" to preserve higher values.  This showing cannot be made through "[b]road and general findings," and "conclusory assertion[s] are insufficient to justify deprivation of public access to the record."  Bernstein, 814 F.3d at 144–45 (quoting United States v. Erie Cnty., 763 F.3d 235, 243 (2d Cir. 2014)) (internal quotation marks omitted).  "[A]ny claimed exception to the right of access should be based on a particularized showing of need, and any redactions would be required to be narrowly tailored to accomplish the overriding interest."  Williams v. Bean, No. 16-CV-1633, at *18 (VAB), 2017 WL 5179231 (D. Conn. Nov. 8, 2017) (quoting United States v. King, No. 10-CR-122 (JGK), 2012 WL 2196674, at *2 (S.D.N.Y.

2012) (internal citations omitted)).  Plaintiffs Grant and
Stiefel argue that their testimony regarding how many and which
types of firearms they own should be sealed because the
combination of personal privacy interests and public safety
concerns outweighs the presumption of public access.  Plaintiffs
point to Conn. Gen. Stat. § 53-202d(a)(2)(B)(5) as a basis for
their claimed personal privacy interests and the interests of
the state in public safety.  Conn Gen. Stat. § 53-
202d(a)(20(B)(5) protects the identity of those who have
received certificates of possession for ownership of
grandfathered assault weapons.  Grant and Stiefel do not possess
those certificates and therefore cannot claim the protection of
this statute.  Additionally, as defendants mention, Connecticut
also prohibits disclosure of the name and address of individuals
who have been issued a pistol permit.  Conn. Gen. Stat. § 29-
28(d).  However, all plaintiffs in this case have waived that
protection by filing this lawsuit and identifying themselves as
pistol permit holders.  (Dkt. 1 at 3, 5, 6).  Grant and Stiefel
contend that "[i]f they publicly reveal the number of rifles,
pistols, shotguns, and 'others' they own, they become targets
for public harassment and criminals who may target them for
theft based on the number of firearms they own."  (Dkt. 70 at
9).

Plaintiffs have failed to show why the knowledge of the number of rifles, pistols, shotguns and "others" they own will make them targets for theft.  While the legislative history regarding the confidentiality provision of Conn. Gen. Stat. § 29-28 is sparse, there is at least some suggestion that the purpose behind the provision could be to protect firearm owners from theft.[2]  Even accepting this rationale as the purpose of the provision, Plaintiffs do not establish that the same rationale exists for the numbers of firearms possessed.  The Connecticut statute protects the identities of pistol permit possessors from becoming public.  The plaintiffs have made public their possession of pistol permits.  Plaintiffs' assertion that the same protection should extend to the number of firearms they own is unsupported.

> ii. _Plaintiff Hamilton's deposition testimony concerning her experiences with domestic abuse._

Plaintiffs next contend that Hamilton's deposition testimony concerning the domestic abuse she has suffered should be sealed

---

[2] The permit holder confidentiality provisions were originally passed as part of a larger gun bill, House Bill 7501.  OLR Research Report, 2010-R-0461, OLR Backgrounder: Gun Permit Confidentiality (2010). While debating the bill, there was no substantive debate on the confidentiality provision.  Id.  However, while debating other parts of the bill, Representative Fusco asked the rhetorical question "Do we want to tell the criminals who has all the guns?"  Id.; 37 H.R. Proc., Pt. 26, 1994 Special Sess., p. 9404.

as to the public because her interest in keeping that
information private outweighs the presumption of public access.
Plaintiffs argue that Hamilton's motion aligns with the
confidentiality protections provided to domestic violence
victims in Connecticut under Conn. Gen. Stat. § 54-86e, the
protections established in the federal Violence Against Woman
Act ("VAWA"), and the privacy interests of Guantanamo Bay
detainees as recognized in Associated Press v. United States
Dept. of Defense, 554 F.3d 274 (2d Cir. 2009).

First, Conn. Gen. Stat. § 54-86e provides for the
confidentiality of a domestic violence victim's name, address,
and other identifying information.  This provision is often
applied in criminal proceedings where the Court declines to
reveal information which might allow a victim's identity to be
ascertained.  *See* Doe v. Fairfield, No. CV065004042S, 2006 WL
3200433 (Conn. Super. Ct. Oct. 24, 2006); Doe v. Johnson, No.
CV030483186, 2003 WL 22962232 (Conn. Super. Ct. Dec. 2, 2003).
Next, the VAWA provides confidentiality protections for domestic
violence victims' addresses.  However, here Hamilton referenced
her history of domestic violence as her impetus for bringing
this action, revealing her name and identity as a survivor of
domestic abuse.  Even where a domestic violence survivor's name,
address, and identity have not been made public, at least one
district court in the District of Connecticut has found that the

VAWA "provides no specific guidance on the sealing of court documents." Doe v. Paychex, Inc., No. 3:17-CV-2031 (VAB), 2019 WL 2027080, at *15 (D. Conn. May 6, 2019).  In Doe v. Paychex, the court found that while the protection of domestic violence victims is an important public policy, the plaintiff in that case had failed to demonstrate that the filings she sought to seal would put her in danger. Id. at *15.

To the extent that plaintiffs attempt to rely on Associated Press, Associated Press was a Freedom of Information Act ("FOIA") case.  In that case, the privacy interests of the Guantanamo Bay detainees were analyzed as third parties to the action brought by a news organization against the Department of Defense.  Third-party privacy interests are generally weighed heavily when considering whether the sealing of court documents is appropriate.  Amodeo II, 71 F.3d at 1050.  In contrast, here Hamilton is a party to the litigation and has discussed her history of domestic violence in several public filings with the court.  As a result, her privacy interest has been diminished. See United States v. Basciano, No. 03-CR-929, 2010 WL 1685810, at *3 (E.D.N.Y. Apr. 23, 2010) (finding the privacy interests in documents was weakened because the public was already aware of the information which those documents contained).  Additionally, the standard for determining disclosure under FOIA and for sealing documents is distinct.  The Court in Associated Press

considered whether the requested documents were exempted from
disclosure under a designated FOIA exemption, which required the
court to balance the public interest in disclosure and the
interests Congress intended to protect with the exemption.  554
F.3d at 284.  Under FOIA, once a privacy interest has been
identified, disclosure is unwarranted under the exemption that
was at issue in Associated Press unless the requester can show a
sufficient reason for disclosure.  Id. at 288.  Therefore, in
Associated Press, after the court found that a privacy interest
existed, the presumption was *against* public disclosure.  Id. at
289.  Here, for purposes of sealing judicial documents, the
presumption is in favor of public disclosure.

Plaintiffs are correct that Hamilton has a privacy interest
in information concerning her experience of domestic abuse.
However, plaintiffs have failed to demonstrate that this privacy
interest outweighs the presumption of public access.
Additionally, plaintiffs have not shown that the requested
redactions of Hamilton's deposition are "narrowly tailored" to
protect her privacy.  As defendants note, plaintiffs have
designated several pages of deposition testimony that contain
little reference to private details.  This includes portions of
the deposition where plaintiffs' counsel requests the other
plaintiffs leave the room, notes that they will likely make an
"attorney's eyes only" designation, where Hamilton discusses why

the current firearms she possesses would not be sufficient to protect herself and her family from attack, and where defense counsel asks Hamilton questions which she is instructed by counsel not to answer.  While courts have "declined to allow public access simply to cater to a morbid craving for that which is sensational and impure," the information contained in Plaintiff Hamilton's deposition is not far beyond what she has already disclosed as part of public record and is not sufficiently detailed to violate Hamilton's expectations of privacy.  Amodeo II, 71 F.3d at 1051 (internal citations and quotation marks omitted).

## III. CONCLUSION

For the above reasons, the Defendant's Motion for Relief from the Plaintiffs' confidentiality designations is GRANTED and Plaintiffs' Motion for a protective order and to seal portions of Plaintiff Hamilton's deposition is DENIED.

SO ORDERED this 20th day of October, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge